IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v().

RUBÉN BLADES,
ROBERTO MORGALO,
MARTÍNEZ, MORGALO &
ASSOCIATES, et al.,

Defendants

CIVIL 07-1380 (JAG)(JA)

OPINION AND ORDER

This matter is before the court on motion for summary judgment for lack of subject matter jurisdiction pursuant to Rule 56 of the Federal Rules of Civil Procedure and section 1332 of Title 28 of the United States Code, filed on April 2, 2009, by defendant Rubén Blades. (Docket No. 95.) Plaintiff William Anthony Colón filed a response on May 28, 2009, (Docket No. 104), to which Rubén Blades replied on June 3, 2009. (Docket No. 105.) For the reasons set forth below, the motion for summary judgment is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Roberto Morgalo (hereinafter "Morgalo"), Arturo Martínez (hereinafter "Martínez"), and their company, Martínez, Morgalo & Associates (hereinafter "M.M.A.") entered into negotiations to book a concert featuring a

CIVIL 07-1380 (JAG) (JA)                                    2

collaborated musical performance between plaintiff William Anthony Colón (hereinafter "plaintiff") and defendant Rubén Blades (hereinafter "defendant") (Docket No. 95, at 6, ¶ 3 and Docket No. 104, at 3, ¶ 3.)

On or about January, 2003, Morgalo's company acting as an agent on behalf of the plaintiff and the defendant, entered into an Engagement Contract with DISSAR Productions to hold the event on May, 2003, at the Estadio Hiram Bithorn in San Juan, Puerto Rico. (Docket Nos. 14-5 and 48, at 4-5.) According to the terms of the contract, the plaintiff and the defendant were to receive a $350,000 all-inclusive guarantee as compensation for their performance. (Docket No. 95, at 6, ¶ 4 and Docket No. 104, at 3, ¶ 3.)

The "all inclusive" designation signified that DISSAR was to provide sound and lighting while the rest of the concert's production and promotion costs were to be divided between the plaintiff and the defendant through the guaranteed funds. (Docket No. 48, at 4-5.)

Plaintiff asserts that he and the defendant had an agreement in which he agreed to manage the production aspects of the concert while the defendant would manage the business aspects, and that while acting in this capacity defendant arranged for M.M.A. to act as managers on behalf of them. (Docket No. 45, at 2, ¶¶ 10 and 11.) Nevertheless, the defendant denies the existence of said agreement. (Docket No. 48, at 5-6, ¶¶ 10 and 11.)

CIVIL 07-1380 (JAG) (JA)                    3

After only receiving a partial payment, plaintiff grew concerned and contacted the defendant. Plaintiff asserts that a few days prior to the concert the defendant informed him that he was unable to locate anyone from M.M.A. Specifically, the defendant could not locate Martínez, whom he believed was in possession of the remainder of the funds. (Docket No. 45, at 2-3, ¶ 13.)

Plaintiff further claims that on May 3, 2003, the day of the concert, the defendant told him he would personally take full responsibility and that he would pay him any amounts due. (Docket No. 45, at 3, ¶ 15.) However, the defendant denies that he made such a promise and in turn claims that he also did not receive full payment for the performance. (Docket No. 48, at 8, ¶ 15.)

On May 4, 2007, seeking the collection of monies owed to him, plaintiff filed a complaint in this court against the defendant which alleged that the defendant was solely responsible for breaching the contract. (Docket No. 1.) Defendant responded and subsequently moved to dismiss for failure to join a necessary and indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7) on October 22, 2007. (Docket No. 13.)

In his motion, the defendant asserted that Martínez, Morgalo and M.M.A. were necessary and indispensable parties whom he believed were domiciled in New York, and that joinder of these parties was therefore infeasible because it would defeat the court's diversity jurisdiction given that plaintiff was also a

CIVIL 07-1380 (JAG) (JA)                4

resident of New York.  (Docket No. 13-2, at 3, ¶ 2.)  However, upon further discovery it was revealed that the court's subject matter jurisdiction could still stand.  The court held that although Martínez was not an indispensable party, Morgalo and M.M.A. were to be joined.  (Docket No. 24, at 23-24.)  See Colón v. Blades, 570 F. Supp. 2d 204, 217 (D.P.R. 2008).

Then on April 29, 2008, plaintiff filed an amended complaint to which defendant replied on May 9, 2008.  (Docket Nos. 45 & 48.)  On June 5, 2008, defendant sought indemnification from Morgalo by filing a cross claim which was amended on July 29, 2008.  (Docket Nos. 49 & 56.)

In response to comments allegedly made by the defendant to the media, Morgalo filed a defamation claim against him and his company, Blades Productions, Inc., in the United States District Court for the Southern District of New York on May 2, 2008.  This claim was consolidated into the present case on August 12, 2008.  (Docket No. 58-2.)

Shortly after, on September 2, 2008, Morgalo answered plaintiff's amended complaint as well as the defendant's amended cross claim  (Docket Nos. 66 & 67) and on October 17, 2008, defendant answered Morgalo's defamation claim. (Docket No. 73.)

CIVIL 07-1380 (JAG) (JA)                              5

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Carrol v. Xerox Corp., 294 F.3d 231, 236-37 (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson. Inc., 76 F.3d 1245, 1251 (1st Cir. 1996)) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat

CIVIL 07-1380 (JAG) (JA)                    6

summary judgment."). The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also López Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000).

"A genuine issue exists when there is evidence sufficient to support rational resolution of the point in favor of either party." Nereida González v. Tirado Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. . . . " Burke v. Town of Walpole, 405 F.3d 66, 75 (1st Cir. 2005) (quoting United States v. One Parcel of Real Prop., 960 F.2d at 204). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

However, a moving party "may move for summary judgment 'with or without supporting affidavits.'" Id. at 323 (quoting Rules 56(a) and (b)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255 (citing

CIVIL 07-1380 (JAG) (JA)                              7

Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)); see also Patterson v. Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)) ("[the court] must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.").

## Puerto Rico Local Rule 56

In the District of Puerto Rico, Local Rule 56(b), previously Local Rule 311 (12), imposes additional requirements on the party filing for summary judgment as well as the party opposing the motion. A motion for summary judgment has to be accompanied by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule." Local Rules of the United States District Court for the District of Puerto Rico, Local Rule 56(b) (2004). When filing a motion in opposition the opposing party must include a separate, short, and concise statement admitting, denying or qualifying each fact set out by the moving party. Local Rules 56(c); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F.

CIVIL 07-1380 (JAG) (JA)                              8

Supp. 721, 727 (D.P.R. 1997); see also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001).

These facts must be supported by specific reference to the record, thereby pointing out to the court any genuine issues of material fact and eliminating the problem of the court having "to ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210, 214-15 (D.P.R. 2001) (quoting Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983)); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp. 2d 161, 163 (D.P.R. 2000).  Any statement of fact provided by any party which is not supported by citation to the record may be disregarded by the court, and any supported statement which is not properly presented by the other party shall be deemed admitted.  See Local Rule 56(e).  Failure to comply with this rule may result, where appropriate, in judgment in favor of the opposing party.  Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33; Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d at 932.

III.  DISCUSSION

Congress has granted subject matter jurisdiction to district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" provided that complete diversity exists between the parties.  28 U.S.C.

CIVIL 07-1380 (JAG) (JA)                              9

§ 1332(a); see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Alexandrino v. Jardín de Oro, Inc., 573 F. Supp. 2d 465, 469 (D.P.R. 2008).

However, a court's subject matter jurisdiction may be challenged through Federal Rule of Civil Procedure 12(b)(1). See Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction).  When the court's subject matter jurisdiction is challenged on a claim that the matter in controversy does not exceed the jurisdictional minimum required in diversity action, it must then apply the legal certainty test established by the Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).  Therein the court held that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 288-89; Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004).

In other words, "[t]he amount in controversy requirement is ordinarily determined from the plaintiff's complaint." Soto-Vélez v. BCBG Max Azria, Inc., 589 F. Supp. 2d 147, 149 (D.P.R. 2008) (citing Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995)).  Thus, the allegation made by plaintiff to this effect "suffices unless questioned by the opposing party or the

CIVIL 07-1380 (JAG) (JA)                              10

court."  Stewart v. Tupperware Corp., 356 F.3d at 338 (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citing Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)).

If the defendant challenges the amount of the allegation, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Stewart v. Tupperware Corp., 356 F.3d at 338 (quoting Spielman v. Genzyme Corp., 251 F.3d at 5) (quoting Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d at 88).  This can be done by amending the pleadings or by submitting affidavits.  Spielman v. Genzyme Corp., 251 F.3d at 5 (quoting Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d at 88).

In sum, "[i]f the face of the complaint reveals, to a legal certainty, that the controversy cannot involve the requisite amount, jurisdiction will not attach."  Soto-Vélez v. BCBG Max Azria, Inc., 589 F. Supp. 2d at 149 (citing Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d at 6 (citing St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. at 291).

The defendant seeks dismissal of the amended complaint because the amount in controversy does not match, nor exceed the jurisdictional minimum of $75,000.  (Docket No. 95.)

CIVIL 07-1380 (JAG) (JA)                                    11

Plaintiff's claim is for $115,000 from the defendants, plus interest and attorneys fees. (Docket No. 1, at 3, ¶ 16 and Docket No. 43-3, at 3, ¶ 16.) The court must then apply the legal certainty test in order to determine if in fact plaintiff's claim meets the jurisdictional minimum of $75,000.

On or about January 22, 2003, the plaintiff and the defendant agreed to perform at the "Siembra: 25 Años Después" concert in Puerto Rico for an all-inclusive fee of $350,000 to be equally divided among them after all costs and expenses had been deducted. (Docket No. 95, at 6, ¶¶ 3 and 4 and Docket No. 104, at 3, ¶ 3.)

The defendant claims that plaintiff had already received $72,917.10 of the $138, 668.16 to which he was entitled under the agreement, and believes that plaintiff is entitled, if anything, to $65,751.06, an amount below the statutory limit.[1] (Docket No. 95, at 9, ¶ 6.) The calculations for the defendant's numbers are as follow:

| | |
|---|---|
| Original Contract Fee: | $350,000.00 |
| Expenses: | |
| M.M.A Commission | -$ 35,000.00 |
| Airfare Expenses$ | -$ 10,549.60 |
| Hotel Expenses$ | -$  5,815.79 |
| Musician Payroll | -$ 12,650.00 |

---

[1] The original contract amount and related expenses are recorded in a submitted copy of the original contract and in Mr. Blades' accounting for the concert, which details various expenses related to the concert such as flight expenses, hotel accommodations, musician's salaries, rehearsals, etc. (Docket Nos. 95-2 to 95-14, Exhibits 1 to 14.)

CIVIL 07-1380 (JAG) (JA)                          12

| | | |
|---|---|---:|
| Rehearsal Payroll | -$ | 3,600.00 |
| Rehearsal Space | -$ | 1,777.00 |
| Transportation Expenses | -$ | 2,700.00 |
| Other expenses | -$ | 571.30 |

<u>Total Expenses</u>                    -$ 72,663.69

<u>Net Profit</u>                                                       $277,336.31

½ entitled to plaintiff                                    $138,668.16
½ entitled to defendant                                 $138,668.16
Money received by plaintiff                          $ 72,917.10

<u>Plaintiff's remaining balance</u>                          $ 65,751.06

Meanwhile, plaintiff claims that he had reached a new verbal contract, for $175,000, with Mr. Blades when he refused to perform at the concert after being informed that Mr. Martínez had disappeared with their payments. (Docket No. 45, at 3, ¶¶ 15 and 16.)

Furthermore, plaintiff claims that in May, 2004, the defendant prepared an accounting of the expenses incurred which amounted to $29,000.75, after excluding $44,006.80[2] in expenses allegedly incurred by M.M.A. (Docket No. 104, at 3, ¶¶ 4 and 5.) Mr. Colón claims that because Mr. Blades believed that M.M.A. did not deserve to be paid anything, the sum that should be divided equally between them is $320,999.25. Therefore, it would seem that plaintiff was entitled to $160,499.62, of which he had already received $72,917.10 leaving an unpaid

---

[2] This amount is the commission claimed by M.M.A. plus other expenses incurred by them.

CIVIL 07-1380 (JAG) (JA)                          13

balance of $87,582.52.  (Docket No. 104, at 3-4.)  The calculations for plaintiff's numbers are as follow:

| | |
|---|---:|
| Original Contract Fee | $350,000.00 |
| Expenses Incurred by plaintiff & defendant | $ 29,000.75 |
| Net Profit | $320,999.25 |
| Plaintiff's  half | $160,499.62 |
| Payments received by plaintiff | $ 72,917.10 |
| Amount still owed | $ 87,582.52 |
| M.M.A.'s Disputed Expenses | ($ 44,006.80) |

In addition, the defendant contends that the remaining value of the contract between the parties after deducting all fees and expenses is the "correct" figure for the plaintiff's claim ($65,751.06) (Docket No. 95, at 9, ¶ 6), that the agent's commission fee is manifestly insufficient to create a genuine issue of material fact, and that they are also immaterial for calculating the amount in controversy in the instant case, as it was already "collected" by M.M.A.  (Docket No. 105, at 4, ¶¶ 1 and 2.)  Plaintiff, on the other hand holds that he is owed $87,582.52, since the defendant believes that  M.M.A.'s commission should not be paid.  (Docket No. 104, at 3-4.)

It is clear that an issue of material fact between the two parties exists as to the amount in controversy.  There is also an issue as to verbal contract between the plaintiff and the defendant.

Furthermore, Mr. Blades failed to point out any facts that would suggest that the amount stated in the complaint was not claimed in good faith by Mr. Colón.

CIVIL 07-1380 (JAG) (JA)                    14

Nonetheless, the circumstances in this case suggest that the amount claimed at the time that the complaint was filed was made in good faith. It appears that plaintiff acted under the belief that a new verbal agreement had been reached in which the defendant would personally take responsibility for the plaintiff's full payment. (Docket No. 1, at 3, ¶¶ 11-13 and Docket No. 45, at 3, ¶¶ 14-16.)

## IV. CONCLUSION

The court believes that plaintiff has averred sufficient facts to indicate that its claim exceeds the $75,000 jurisdictional amount required by 28 U.S.C. § 1332. Therefore, the defendant's motion for summary judgment for lack of subject matter jurisdiction is DENIED.

At San Juan, Puerto Rico, this 21st day of August, 2009.

                                S/ JUSTO ARENAS
                                Chief United States Magistrate Judge