IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO,

Defendants

CIVIL 07-1380 (JAG) (JA)

OPINION AND ORDER

This matter is before the court on the defendant Rubén Blades' "Motion for Reconsideration of the Court's August 21, 2009, Order Denying Blades' Motion for Summary Judgment or 28 U.S.C. § 1292(b) Certification." (Docket No. 108.) The defendant's motion was filed on August 31, 2009. For the reasons set forth below, defendant's motion is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2007, plaintiff filed this action seeking $115,000 in compensation. (Docket No. 1.) On May 28, 2009, defendant filed a motion for summary judgment, arguing that plaintiff had failed to satisfy the "amount in controversy" requirement for subject matter jurisdiction before this court. (Docket No. 95.) That motion was denied in an Opinion and Order (the "opinion") issued on August 21, 2009. (Docket No. 107.) The defendant now asks the court

CIVIL 07-1380 (JAG) (JA)                                  2

to reconsider or that in the alternative that he be given leave to file an interlocutory appeal. (Docket No. 108.)

The facts of this case are as contained in the August 21 opinion. On January 22, 2003, Roberto Morgalo ("Morgalo"), Arturo Martínez ("Martínez"), and their company, Martínez, Morgalo & Associates ("MMA") entered into an engagement contract with DISSAR productions on defendant's and plaintiff's behalf. (Docket No. 95-2.) The contract provided that plaintiff and the defendant would perform a music concert on May 3, 2003 in exchange for a guaranteed payment of $350,000 from DISSAR. (Id.) Plaintiff and the defendant were to split the proceeds evenly, after deducting certain expenses, including a $35,000 commission for MMA. (Docket No. 95, at 6-7.) Plaintiff avers that the defendant was to be in charge of collecting payments from DISSAR, while the defendant contends that the collection was MMA's responsibility. (Docket No. 48, at 5.)

Plaintiff alleges that a few days prior to the concert, the defendant informed him that "Martínez had disappeared with the money to be paid to Colón." (Docket No. 1.) However, plaintiff claims that the defendant told him that he would be personally responsible for the amount owed plaintiff. Thus, plaintiff performed at the concert, but he has only received an $72,917.10 in compensation to this point. (Docket No. 104, at 4.) The defendant alleges that the amount in controversy is only $65,751.06, (Docket No. 95, at 9), while plaintiff contends

CIVIL 07-1380 (JAG) (JA)				3

that $87,582.52 is at stake.  The Opinion concluded that plaintiff satisfied the jurisdictional requirement that the amount pleaded be greater than $75,000. (Docket No. 107.)

## II.  DISCUSSION

### A.  Motion for Reconsideration

"The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (citing Sierra Club v. Tri-State Generation & Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D. Colo. 1997); Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995)). Nevertheless, "any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 323 (citing Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858 at 861).

Although the defendant fashioned his motion for reconsideration as one under Rule 59(e), the truth of the matter is that it cannot be treated as such because the opinion issued is not a final judgment since the only issue that was addressed was whether or not the court had subject matter jurisdiction. See Portugués-Santa v. B. Fernández Hermanos, Inc., 614 F. Supp. 2d 221, 226

CIVIL 07-1380 (JAG) (JA)                         4

(D.P.R. 2009) ("Neither [Rule 59(e) nor Rule 60(b)] applies at this juncture of the case . . . because both rules apply only to final judgments.") (citing United States v. Baus, 834 F.2d 1114, 1118 (1st Cir. 1987)).

Therefore, "the decision as to whether or not to reconsider the denial of [defendant's] summary judgment motion falls squarely within the plenary power of the court that issued the initial ruling," this court. Portugués-Santa v. B. Fernández Hermanos, Inc., 614 F. Supp. 2d at 226 (deciding to "exercise [the court's] discretion in favor of entertaining the motion for reconsideration.") (citing Campos v. P.R. Sun Oil Co., 536 F.2d 970, 972 n.6 (1st Cir. 1976).

The defendant alleges that the court erred in three different respects. First, he contends that it was error for the court to "conclude" that "'Plaintiff claims that he had reached a new verbal contract, for $175,000.00 with Mr. Blades when he refused to perform at the concert . . . .'" (Docket No. 108, at 3) (citing Docket No. 107, at 12.) The opinion stated the following: "It appears that plaintiff acted under the belief that a new verbal agreement had been reached in which the defendant would personally take responsibility for the plaintiff's full payment." (Docket No. 107, at 14, ¶ 1.) The court's acknowledgment of a party's factual claim and the court's adoption of that claim as fact are two distinct things, and they were treated as such in the opinion. Nowhere did the court find that there was a new verbal contract for $175,000 between the parties. Nevertheless, the

CIVIL 07-1380 (JAG) (JA)                              5

court would not have erred if it had determined that such a contract existed, since a "court may, and indeed must, always decide, when a motion for summary judgment is filed, whether there exists sufficient disputed material evidence to allow a factfinder to determine whether a contract existed at the relevant time." Roger Edwards, LLC. v. Fiddes & Son, Ltd., 245 F. Supp. 2d 251, 256 (D. Me. 2003). "It is the parties' factual submissions in connection with each particular motion for summary judgment that provide the basis for the court's determination on that point." Id. Therefore, the defendant's first argument is unavailing.

The defendant's second argument charges the court with misapplying the "legal certainty test" for determining whether a plaintiff has satisfied the jurisdictional "amount in controversy" requirement. (Docket No. 108, at 3 & 8.) The court has jurisdiction if "the matter in controversy exceeds the sum or value of $75,000.00." 28 U.S.C. § 1332(a). As stated in the Opinion,

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). The defendant claims that the court incorrectly placed the burden of refuting the existence of jurisdiction upon him. (Docket No. 108, at 8.) He also claims that

CIVIL 07-1380 (JAG) (JA)                                6

the court relied only on the "good faith" prong of the test, while ignoring the requirement that plaintiff demonstrates a lack of legal certainty that the claim is for less than the jurisdictional amount.

"[T]he amount in controversy is determined by looking at the circumstances at the time the complaint is filed." Coventry Sewages Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995) (citing Thesleff v. Hardvard Trust Co., 154 F.2d 732, 732 n.1 (1st Cir. 1946)); Betancourt v. Bear Stearns & Co., 392 F. Supp. 2d 187, 189 (D.P.R. 2005) (citing Spielman v. Genzyme Corp., 251 F.3 at 4). Thus, the amount-in-controversy requirement is usually determined "from the complaint itself, unless it appears or is [demonstrated] that the amount stated . . . is not claimed in good faith." Horton v. Liberty Mut. Ins., Co., 367 U.S. 348, 353 (1961); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. at 288 (footnotes omitted) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). When determining good faith, the court must inquire whether "it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Coventry Sewages Assocs. v. Dworkin Realty Co., 71 F.3d at 6 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. at 289); see also Duchesne v. Am. Airlines, Inc., 758 F.2d 27, 28 (1st Cir. 1985).

The language of the opinion assuages both of the defendant's concerns in one sentence, by recognizing that "[i]f the defendant challenges the amount of the

CIVIL 07-1380 (JAG) (JA)                              7

allegation, 'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." (Docket No. 107, at 10) (citing Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004)).  However, in order for this to happen the defendant must first meet his burden "of showing that there is 'legal certainty' that the plaintiff will not recover damages above the jurisdictional threshold."  Radlo v. Rhone-Poulenc, S.A., 241 F. Supp. 2d 61, 63 (D. Mass. 2002) (citing Spielman v. Genzyme Corp., 251 F.3d at 5.)

Although the amount in controversy was challenged, the defendant failed to meet his burden of showing to a legal certainty that plaintiff's claim was really for less than the jurisdictional amount.

Since the court found that based on the defendant's challenge it could not be determined to a legal certainty that plaintiff's claim was really for less than the jurisdictional amount, the court looked at the circumstances surrounding the case. Essential to the court's inquiry in determining if plaintiff's claim exceeded the jurisdictional amount required was whether plaintiff acted under the belief that a new verbal contract had been reached.  If so, it would suggest that the amount stated in the complaint was made in good faith.  Also, the court took into account whether MMA's $35,000 commission was to be included as a deduction from concert revenues.  If so, the amount in controversy would be less than $75,000.

CIVIL 07-1380 (JAG) (JA)                    8

If not, it would be more.  Plaintiff argued that the MMA commission should be excluded, and the defendant himself admitted that MMA "should not get anything." (Docket No. 104-2, at 6.)  He stated that "they should relinquish whatever amount they think they should have earned. . . . " (Id.)  In other words, the defendant has essentially agreed that plaintiff should be entitled to his half of the $35,000 commission.  The amount to which plaintiff would be entitled if he succeeds in the present action would therefore exceed $75,000.

Furthermore, regardless that plaintiff has already received $72, 917.10, in each case whether it be that plaintiff acted under the belief that a new verbal contract had been reached or whether MMA's $35,000 commission was to be excluded as a deduction from concert revenues, the present action would exceed the jurisdictional amount.

The third error that the defendant charges the court with committing involves the Local Rules of the United States District Court for the District of Puerto Rico.  The defendant correctly points out that plaintiff violated Rule 56(c) of the Local Rules by failing to "submit with its opposition a separate, short, and concise statement of material facts."  Local Rule 56(c).  The defendant is also correct that facts contained in a supporting statement of material facts "shall be deemed admitted unless properly controverted." Local Rule 56(e).  These facts fail, however, to affect the outcome of the opinion.  While plaintiff did not submit

CIVIL 07-1380 (JAG) (JA)					9

an opposing statement of material facts, he nonetheless stated facts with record citations in opposition to those set forth by the defendant. (See, e.g., Docket No. 104, at 3) (citing Deposition Transcript, Docket No. 104-2, at 6.) In other words, he "properly controverted" facts set forth by the defendant, albeit not in a standard format, with a "citation to the specific page or paragraph of identified record material supporting [his] assertion[s]." Local Rule 56(e). Even assuming, *arguendo*, that he did not comply with the Rules, "[a] district court may forgive a party's violation of a local rule . . . ." Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007) (quoting Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004)); see Lugo-Mender v. Gov't Commc'ns, Inc. (In re El Comandante Mgmt. Co.), 404 B.R. 47, 54 (Bankr. D.P.R. 2008) (accepting plaintiff's opposition to motion for summary judgment despite failure to comply with Local Rule 56(c)).

		B.	Request for 28 U.S.C. § 1292(b) Certification

The defendant requests that, should his motion for reconsideration be denied, the court certify the jurisdictional issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Docket No. 108.) Such certification is appropriate if the order to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."

CIVIL 07-1380 (JAG) (JA)                              10

28 U.S.C. § 1292(b).  "[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986) (citing In re Heddendorf, 263 F.2d 887, 888-89 (1st Cir. 1959)).  "[T]he party seeking such appellate review has the burden of convincing not only the district court, but also the appellate court, that the motion satisfies the three factors under section 1292(b)." Camacho v. P.R. Ports Auth., 267 F. Supp. 2d 174, 177 (D.P.R. 2003) (citing Estates of Ungar ex rel. Strachman v. Palestinian Auth., 228 F. Supp. 2d 40, 50 (D.R.I. 2002)).

Here, the defendant does nothing more than request certification for interlocutory appeal.  He cites no law and presents no argument in support of his request.  Having failed to present any legal argument in favor of a section 1292(b) certification, the defendant has not met his burden to merit such certification.

IV.  CONCLUSION

In view of the above, the defendant's motion for reconsideration and motion for certification pursuant to 28 U.S.C. § 1292(b) are hereby DENIED.

At San Juan, Puerto Rico, this 14th day of October, 2009.

S/ JUSTO ARENAS
Chief United States Magistrate Judge