IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

ROBERT J. MORGALO,

Plaintiff

v.

RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,

Defendants

CIVIL 07-1380 (JA)

OPINION AND ORDER

CIVIL 07-1380 (JA)                    2

This matter is before the court on motion to compel production of documents filed by the defendant and cross-plaintiff, Rubén Blades ("Mr. Blades"), on February 16, 2010, against the defendant, Roberto Morgalo ("Mr. Morgalo"), and plaintiff, William Anthony Colón ("Mr. Colón").  (Docket No. 119.)  On February 18, 2010, Mr. Morgalo filed a motion in opposition to Mr. Blades' request.  (Docket No. 121.)  On February 22, 2010, Mr. Blades replied.  (Docket No. 124.)  On March 2, 2010, Mr. Colón filed an informative motion on this matter.  (Docket No. 134.)  For the reasons set forth below, Mr. Blades' motion is hereby GRANTED.

## I.  BACKGROUND

On December 3, 2008, a first set of interrogatories and a request for production of documents was served on Mr. Morgalo by Mr. Blades pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.  (Docket No. 124, at 3, ¶ 1.)  On March 20, 2009, Mr. Blades filed a motion to compel Mr. Morgalo to answer the interrogatories and request for production of documents.  (Docket No. 93.)  On May 12, 2009, the court granted Mr. Blades' motion.  (Docket No. 101.)  On May 22, 2009, Mr. Morgalo filed its answer to Mr. Blades' first set of interrogatories and request for production of documents.  (Docket No. 103.)

On February 16, 2010, Mr. Blades filed a motion to compel pursuant to Federal Rule of Civil Procedure 37(a), requesting the court to order both Mr.

CIVIL 07-1380 (JA)                                3

Morgalo and Mr. Colón's attorney to produce a box of documents containing financial information of Martínez, Morgalo & Associates ("MMA"). (Docket No. 119, at 2, ¶ 1.) According to Mr. Blades, Mr. Morgalo gave the box to Mr. Colón's attorney on or about April 23, 2009. (Id.) Mr. Blades claims that despite his numerous requests he has been denied access to the documents. (Id.) Mr. Blades states that if the documents are not produced, Mr. Morgalo should be prohibited from offering as evidence the documents contained in the box. (Id. ¶ 3.) Mr. Blades also requests the court to order Mr. Morgalo to pay reasonable expenses, including $1,000 in attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (Id. at 3, ¶ 1.)

On February 18, 2010, Mr. Morgalo responded to Mr. Blades' motion. (Docket No. 121.) Mr. Morgalo argues that on April 21, 2009, he visited the offices of Mr. Blades' attorney to be present at Mr. Colón's deposition. (Docket No. 121, at 2, ¶ 1.) Mr. Morgalo claims that on that day he brought the box containing the documents requested by Mr. Blades. (Id.) Mr. Morgalo claims that he presented the box to Mr. Colón and Mr. Blades' attorneys. (Id.) Mr. Morgalo claims that he delivered the box to the offices of Mr. Colón's counsel on April 22, 2009. (Id. at 3, ¶¶ 3 & 4.)

According to Mr. Morgalo, Mr. Blades acknowledged on more than one occasion the receipt of the documents. (Id. at 4-5, ¶¶ 5-7.) Mr. Morgalo thus

CIVIL 07-1380 (JA)                              4

believes that he should not be compelled to produce the documents requested by Mr. Blades. (Id. at 6, ¶ 12.) He argues that Mr. Colón should be ordered to return the documents to him. (Id.) Mr. Morgalo also contends that Mr. Colón and not him, should be ordered to produce the documents requested by Mr. Blades. (Id.) Moreover, Mr. Morgalo posits that Mr. Blades' request for payment of reasonable expenses and attorneys fees is not appropriate because the documents requested by him have already been produced. (Id. at 6-7, ¶ 14.) Mr. Morgalo also claims that the negligence and inaction of Mr. Blades and Mr. Colón's attorneys has caused him an additional financial burden. (Id. at 7, ¶ 16.) He therefore requests an award for reasonable expenses and attorneys' fees in an amount no smaller than $1,000 pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). (Id.)

On February 22, 2010, Mr. Blades replied. (Docket No. 124.) In his motion Mr. Blades argues that contrary to what Mr. Morgalo claims he never acknowledge receipt of the documents contained in the box. (Id. at 3, ¶ 7.) Mr. Blades claims that even though it was agreed that the documents were going to be jointly reviewed, Mr. Colón's attorney never gave him the opportunity to examine them. (Id. at 4, ¶ 10.)

According to Mr. Blades, Mr. Colón's attorney informed him that he could not locate the box in his office. (Id. at 5, ¶ 17.) Mr. Blades claims that the box

CIVIL 07-1380 (JA)                           5

is still in the possession of Mr. Colón's attorney and that it has not been retrieved by Mr. Morgalo's attorneys for examination or production. (Id. at 4, ¶ 12.) Mr. Blades argues that Mr. Morgalo has to produce the documents even though they are not in his possession. (Id. at 6-7.) To ensure that the documents are produced, Mr. Blades requests that sanctions be imposed because he believes that Mr. Morgalo and Mr. Colón's conduct cannot be "substantially justified." (Id. at 8.)

On March 2, 2010, Mr. Colón filed an informative motion as to the whereabouts of the documents requested by Mr. Blades. (Docket No. 134.) Mr. Colón claims that on May 29, 2009, his attorney received a call from Mr. Morgalo to see if they could return the documents requested by Mr. Blades. (Id. at 2, ¶ 3.) According to Mr. Colón, Mr. Morgalo "either personally, or thorough another person picked [the] documents after May 29, 2009." (Id. at 2-3, ¶ 4.) Mr. Colón also claims that Mr. Morgalo went to his attorney's office to search for the documents. (Id. at 4, ¶ 7.) However, Mr. Colón claims that they were not able to find them. (Id.) Mr. Colón states that his attorney continued searching in his office for the documents but that he has not been able to find them. (Id.)

II. ANALYSIS

Rule 34(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy,

CIVIL 07-1380 (JA)                                    6

test, or sample [any document that is] in the responding party's possession, custody or control[.]" Fed. R. Civ. P. 34(a)(1). "Legal ownership or actual physical possession is not required; documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand." Green v. Fulton, 157 F.R.D. 136, 142 (D. Me. 1994) (citations omitted). If a party who has been requested to provide certain documents pursuant to Rule 34(a)(1) fails to produce them, the party who made the request may move for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Afreedi v. Bennett, 517 F. Supp. 2d 521, 525 (D. Mass. 2007).

Mr. Morgalo contends that he cannot be compel to produce the documents requested by Mr. Blades because they already have been produced. (Docket No. 121, at 4-5, ¶¶ 7-10.) He claims that the box containing the documents requested by Mr. Blades was given to Mr. Colón's attorney. (Id.) Mr. Morgalo argues that Mr. Blades' assertion that the documents produced were not responsive to his request shows that he was able to review them. (Id.) On the other hand, Mr. Blades claims that although Mr. Morgalo gave the documents to Mr. Colón's attorney he has not been given the opportunity to examine them. (Docket No. 124, at 4, ¶ 10.) Mr. Blades notes that contrary to what Mr. Morgalo claims, he did not inspect the documents. (Id.) He argues that his assertion that

CIVIL 07-1380 (JA)                              7

the claims were unresponsive was only based on Mr. Morgalo's lack of compliance with Rule 34.  (Id. at 5, ¶ 18.)  According to Mr. Blades, before delivering the box, Mr. Morgalo was supposed to create a log providing a description of the documents.  (Id.)  However, according to Mr. Blades, Mr. Morgalo delivered the box without providing the requested description.  (Id.)

Mr. Morgalo has failed to show that the documents requested were properly produced.  When a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request.  Rayman v. Am. Charter Fed. Sav. & Loan Ass'n, 148 F.R.D. 647, 651 (D. Neb. 1993).  Nevertheless, if the party fails to make a clear and specific statement of such compliance under oath, the court may order it to produce the documents requested.  Id.

Mr. Morgalo has not provided any statement under oath in which it is indicated that the documents requested by Mr. Blades have been produced.  Thus, Mr. Morgalo cannot pretend that he has complied with the discovery request made by Mr. Blades by giving the box of documents to Mr. Colón's attorney.  As Mr. Blades indicates, Mr. Morgalo had the duty of labeling the documents requested.  He failed to do so.  In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 363 (N.D. ILL. 2005) (court held that documents that are kept in storage have to be

CIVIL 07-1380 (JA)                              8

organized and labeled because they are not considered to be kept in usual course of business).

     Mr. Morgalo might not have been required to label the documents if he had shown that they were kept in the usual course of business. United States v. O'Keefe, 537 F. Supp. 2d 14, 19 (D.D.C. 2008) (citing Washington v. Thurgood Marshall Acad., 232 F.R.D. 6, 10 (D.D.C. 2005); Doe v. District of Columbia, 231 F.R.D. 27, 35 (D.D.C. 2005)). Also, the documents, even if they were kept in storage, would not have been needed to be identified if Mr. Morgalo had shown "that the way in which . . . [they were] kept . . . [did] not change[] from how they were kept in the usual course of business." In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. at 363. To do this, "[a]ll that [was] needed [was] the testimony of a person with knowledge of how the records were originally kept and how they were maintained in storage." Id. (citing Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp., 222 F.R.D. 594, 598 (W.D. Wis. 2004)). Mr. Morgalo made no attempt to satisfy this burden. As such, I find that Mr. Blades' motion to compel must be granted regardless of whether or not he has possession of the documents requested. See Green v. Fulton, 157 F.R.D. at 136 ("Legal ownership or actual physical possession is not required; documents are considered to be under a party's "control" when that party has the right, authority or ability to obtain those documents upon demand.")

CIVIL 07-1380 (JA) 9

However, since it is certain at the present that the documents will not be produced by Mr. Morgalo because they were lost by Mr. Colón's attorney, the appropriate remedy is to preclude Mr. Morgalo from offering as evidence the documents requested by Mr. Blades and/or any testimony related to them. Taylor v. Illinois, 484 U.S. 400, 425-26 (1988) (Excluding evidence is only appropriate when there are not any other sanctions that could sufficiently correct or deter discovery violations); Pérez v. Hyundai Motor Co., 440 F. Supp. 2d 57, 62 (D.P.R. 2006) ("Sanctions for spoilation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable.") (citing Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d 113, 120 (D. Me. 2000); Vázquez-Corales v. Sea-Land Serv., Inc., 172 F.R.D. 10, 13 & 15  (D.P.R. 1997)).

Two things need to be considered by courts in order to determine whether a sanction, as the one being imposed here, is appropriate. Pérez v. Hyundai Motor Co., 440 F. Supp. 2d at 61.  First, the severity of the prejudice that the non-offending party might suffer if the documents are not produced. Id.  Second, whether the non-offending party bears any responsibility for the prejudice. Id. (quoting Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d at  121.)

CIVIL 07-1380 (JA)                                  10

In the this case, Mr. Blades claims that "[i]n order to adequately prepare for the taking of ["Mr. Morgalo's] deposition as well as to adequately prepare [his] defense" it is necessary for him to be allowed to inspect and copy the documents requested. (Docket No. 124, at 6.) Mr. Blades is correct. This is an action for breach of contract and collection of monies. (Docket No. 45, at 1, ¶ 1.) According to Mr. Colón, he and Mr. Blades agreed "to perform at a musical concert in San Juan, Puerto Rico, for a $350,000 fee to be evenly split between them." (Id. at 2, ¶ 9.) Mr. Colón claims that Mr. Blades contracted the services of MMA and Mr. Morgalo to handle the collection of the $350,000. (Id. at 2, ¶ 11.) Mr. Colón claims that a few days prior to the concert, Mr. Blades informed him that Mr. Morgalo had disappeared with their money. (Id. at 2-3, ¶ 13.) Mr. Colón also claims that Mr. Blades told him "that he would personably be responsible for his full payment." (Id. at 3, ¶ 15.) Mr. Colón thus claims that Mr. Blades owns him $115,000 plus interest, cots and reasonable attorneys' fees. (Id. at 3, ¶¶ 16 & 18.)

Mr. Blades on the other hand denies that he had agreed to be personally responsible for paying Mr. Colón. (Docket No. 48, at 8, ¶ 15.) According to Mr. Blades he was paid $68,000 prior to concert while Mr. Colón was paid $62,500. (Id. at 8-9, ¶ 16 & Docket No. 56, at 6, ¶ 20.) Mr. Blades claims that after deducting the expenses incurred on account of the concert performance, he and

CIVIL 07-1380 (JA)                              11

Mr. Colón are still each owed less than $70,000. (Docket No. 48, at 8, ¶ 15.) Mr. Blades claims that Mr. Morgalo and MMA received the $62,500 on or about February 2002 for a concert to be performed between him and Mr. Cheo Feliciano. (Docket No. 56, at 5, ¶ 15.)

However, Mr. Blades states that the concert was cancelled and he never received the $62,500. (Id. at 5, ¶ 15.) Mr. Blades claims that Mr. Morgalo and MMA wrongfully applied the $62,500 as a credit to the concert in which he and Mr. Colón performed. (Id.) Mr. Blades claims that the money that is owed to him and Mr. Colón was used by Mr. Morgalo and MMA to pay other debts without their knowledge and consent. (Id. at 7, ¶¶ 25-26.)

It is clear that based on the nature of the action and the allegations made by the parties, the documents requested by Mr. Blades are relevant. The documents appear to contain financial information regarding Mr. Morgalo and MMA, which if not produced would substantially prejudice Mr. Blades since he will not be able to adequately defend himself from Mr. Colón or move forward with his claims against Mr. Morgalo and MMA.

As to whether or not Mr. Blades bears any responsibility for the prejudice, I find that he does not. There is no indication of any delay on the part of Mr. Blades in seeking out the documents in question. On the contrary, ever since Mr. Morgalo turned the documents over to Mr. Colón's attorney, Mr. Blades has

CIVIL 07-1380 (JA)                                12

constantly tried to get them in order to examine and copy them.  However, all of Mr. Blades' attempts to get the documents have been frustrated by Mr. Morgalo and Mr. Colón's attorney's gross mishandling of the documents.  As litigants in this case, both Mr. Morgalo and Mr. Colón's attorney had the responsibility of preserving and avoiding the destruction or loss of the documents requested.  Pérez v. Hyundai Motor Co., 440 F. Supp. 2d at 61 (quoting Pérez-Velasco v. Suzuki Motor Co. Ltd., 266 F. Supp. 2d 266 (D.P.R.2003) (citing Vázquez-Corales v. Sea-Land Serv., Inc., 172 F.R.D. at 11-12).  They failed to do so.  Therefore I find that there is no reason to deny Mr. Blades' motion to compel.

Accordingly, if the court, as in this case, grants a party's motion to compel discovery under Rule 37(a)(1), it must  award the moving party reasonable cost associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).  I find that none of the three exceptions in Rule 37(a)(5) are satisfied in this case.

First, Mr. Blades on numerous occasions tried to obtain the documents in question from Mr. Morgalo and Mr. Colón's attorney before filing the motion to compel.  Second, I have not been presented with any substantial justification for

CIVIL 07-1380 (JA)                              13

Mr. Morgalo's refusal to produce the documents requested.  Mr. Morgalo contends only that since the documents requested by Mr. Blades were produced after they were given to Mr. Colón's attorney, the court cannot impose an award for reasonable cost and attorney's fees against him.  He also claims that the requested discovery is not under his control or that of his attorneys.  I find that neither argument justifies Mr. Morgalo's failure to produce the documents requested.  Mr. Morgalo was responsible at all times for making sure that the documents were kept safe.  However, he failed to do so.  Mr. Morgalo's duty to protect the documents did not end when they were turned over to Mr. Colón's attorney.  Also, Mr. Morgalo had the obligation to respond to Mr. Blades' discovery request regardless of whether or not he was in possession of the documents when they were requested by Mr. Blades.  Thus, there is no doubt that Mr. Morgalo was in fact in control of the discovery request.  Third, the award of reasonable cost and attorney's fees associated with filing the motion to compel and the reply memoranda is justified given the protracted litigation in this case, which to some degree has been caused by Mr. Morgalo's failure to produce the documents requested by Mr. Blades.  As such, Mr. Morgalo is ordered to pay Mr. Blades $1,000 in attorney's fees incurred in preparing the motion to compel and the reply memorandum pursuant to Rule 37(a)(5)(A).

CIVIL 07-1380 (JA)                              14

### III.  CONCLUSION

For the reasons set forth above, Mr. Blades' motion to compel production of documents is GRANTED.  As such, Mr. Morgalo is precluded from presenting as evidence any of the documents requested by Mr. Blades and/or any testimony related to them.  Also, Mr. Morgalo is ordered to pay $1,000 in attorney's fees to Mr. Blades.

At San Juan, Puerto Rico, this 19th day of March,  2010.

                                        S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge