IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES,
ROBERTO MORGALO, MARTÍNEZ,
MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC, MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

ROBERT J. MORGALO,

Plaintiff

v.

RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,

Defendants

CIVIL 07-1380 (JA)

OPINION AND ORDER

CIVIL 07-1380 (JA)                                2

This matter is before the court on motion to dismiss defamation claim for failure to answer interrogatories filed on March 23, 2010 by the defendants Rubén Blades ("Mr. Blades") and Rubén Blades Productions, Inc., ("RBP"). (Docket No. 148.) Plaintiff Roberto Morgalo ("Mr. Morgalo") filed a response on March 26, 2010. (Docket No. 150.) Also on March 26, 2010, Mr. Blades and RBP replied. (Docket No. 151.) For the reasons set forth below, the motion to dismiss the defamation claim is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2008, plaintiff filed an amended complaint to which defendant Blades replied on May 9, 2008. (Docket Nos. 45 & 48.) On June 5, 2008, defendant Blades sought indemnification from Morgalo by filing a cross claim which was amended on July 29, 2008. (Docket Nos. 49 & 56.)

In response to comments allegedly made by the defendant to the media, Morgalo filed a defamation claim against him and his company, Blades Productions, Inc., in the United States District Court for the Southern District of New York on May 1, 2008. The parties agreed to transfer the claim to this district on August 12, 2008. (Docket No. 58-3.)

On September 2, 2008, Morgalo answered plaintiff's amended complaint as well as the defendant's amended cross claim (Docket Nos. 66 & 67) and on

CIVIL 07-1380 (JA)                                3

October 17, 2008, defendant answered Morgalo's defamation claim.  (Docket No. 73.)

## II.  ANALYSIS

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  However, courts have held that "[d]ismissal as a sanction runs counter to judicial policy favoring the disposition of cases on the merits."  Afreedi v. Bennett, 517 F. Supp. 2d 521, 526-27 (D. Mass. 2007) (citing Velázquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir. 1990)).  "Nevertheless, 'the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal.'"  Taylor v. Woods, 241 F.R.D. 421, 423 (D.R.I. 2006) (quoting Angulo-Álvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999) (quoting Ruiz v. Alegría, 896 F.2d 645, 649 (1st Cir. 1990)); see Guex v. Allmerica Fin. Life Ins. & Annuity Co., 146 F.3d 40, 42 (1st Cir. 1998) (quoting Damiani v. R.I. Hosp., 704 F.2d 12, 15 (1st Cir. 1983)) ("[N]othing in [Rule 37]

CIVIL 07-1380 (JA)                              4

that states or suggests that the sanction of dismissal can be used only after all the other [available] sanctions . . . have been considered and tried.")

"When noncompliance with an order occurs, 'the ordering court should consider the totality of [the circumstances] and then choose from the broad universe of available sanctions in effort to fit the punishment to the severity of and circumstances of the violation." Taylor v. Woods, 241 F.R.D. at 423 (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). In assessing what sanction is appropriate, a court must consider: (1) "severity of the violation," (2) "the legitimacy of the party's excuse," (3) "repetition of violations," (4) "the deliberateness of the misconduct," (5) "mitigating excuses," (6) "prejudice to the other side and to the operations of the court," and (7) "the adequacy of lesser sanctions." Afreedi v. Bennett, 517 F. Supp. 2d at 527 (citing Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).

On January 22, 2010, Mr. Blades served on Mr. Morgalo a second set of interrogatories specifically targeting the defamation claim and damages. The answers were due on February 22, 2010. Apparently, during a telephone conference held on February 23, 2010, Mr. Morgalo was told to answer the interrogatories by March 20, 2010. At a March 1, 2010 hearing, Morgalo agreed that he would answer the interrogatories by (Saturday) March 20, 2010. There was no indication during the conference and at the discovery hearing that the

CIVIL 07-1380 (JA)                               5

interrogatories would not be answered or that there would be an objection to the same based upon their exceeding 25 interrogatories.  Mr. Morgalo's response to the motion to dismiss relates that the second set of interrogatories contained 46 interrogatories and 59 subsections were initially objected to on February 18, 2010, but it was agreed at the hearing held on March 1, 2010 that the same would be answered by March 22, 2010. (Docket No. 150, at 2, ¶ 5.) Mr. Morgalo claims that because of a confusion, the interrogatories were answered a day later, on March 23, 2010. (Id. ¶ 6.)  Monday, March 22, 2010, was a local holiday. Therefore the answers were delivered on March 23, 2010.

Mr. Blades stresses in his reply that the answers were due on March 20, 2010. (Docket No. 151, at 1-2, ¶ 1.)  Apart from the tardiness argument, Mr. Blades notes that the answers to interrogatories are incomplete, evasive and inadequate, as well as replete with unjustified objections. (Id. at 2, ¶ 3.)  Mr. Blades argues that the answers of March 23, 2010 should be treated as a refusal to answer, amounting to malfeasance, willful and contumacious conduct and warranting the sanction of dismissal. (Id. at 3, ¶ 7.)

It is clear that Mr. Morgalo has waived objection to the interrogatories, first by not objecting in a timely manner and then by selectively answering the interrogatories he wished to answer, in this case, the first 19. See Fed. R. Civ. P. 33(b)(1)(4); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal

CIVIL 07-1380 (JA)                                  6

Practice and Procedure § 2168.1 (3d ed.); see, e.g., Allaverdi v. Regents of Univ. of N.M., 228 F.R.D. 696, 698 (D.N.M. 2005).  An oversight resulting in a one or two day delay in answering interrogatories would not ordinarily trigger a severe sanction.  But here there is more.  The parties and the court expected the interrogatories to be answered.  A protective order was never sought by Mr. Morgalo to limit the number of interrogatories he was to answer.  See Herdlein Tech., Inc. v. Century Contractors., 147 F.R.D. 103, 104 (W.D.N.C. 1993); Casson Const. Co. v. Armco Steel Corp., 91 F.R.D. 376, 378 (D.C. Kan. 1980).  While it may have been more appropriate for leave to be sought from the court by Blades before propounding the interrogatories, the fact that there are two parties being sued by Mr. Morgalo would double the normal limit of 25 written interrogatories generally allowed. Fed. R. Civ. P. 33(a)(1).  In this case, I have gone through the interrogatories. Generally, Mr. Morgalo simply and conveniently stopped after the first 19.  Mr. Morgalo's disappointing cardinal conduct results in unnecessary added expenses and delay in an already protracted case which is approaching a plenary trial and a default judgment.  This myopic selective litigation tactic which violates a clearly defined discovery rule invites no sanction more appropriate than dismissal of the defamation claim.  See, e.g., United States v. One 1987 BMW 325, 985 F.2d 655, 657 (1st Cir. 1993); Ortiz-Rivera v. Mun. Gov't of Toa Alta, 214 F.R.D. 51, 57 (D.P.R. 2003).  Morgalo filed no timely objection to the

CIVIL 07-1380 (JA)                                    7

interrogatories, resulting in a clear waiver.  He made no demand for a protective order.  Finally, he selectively chose which interrogatories to answer rather than requesting Blades to choose within what Morgalo considered the arguably allotted number.  The grounds for objection announced on March 23, 2010 could have been announced in late January, 2010.  Morgalo's conduct in skirting answers 20 and above is at best contumacious, and at most contumelious.  There is no legitimate excuse for answering the interrogatories in the fashion they were answered.

### III.  CONCLUSION

In view of the above,  Mr. Morgalo's defamation claim against defendants Rubén Blades and Rubén Blades Productions, Inc. is hereby DISMISSED.

In San Juan, Puerto Rico this 31st day of March, 2010.

                                              S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge