IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

ROBERT J. MORGALO,

Plaintiff

v.

RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,

Defendants

CIVIL 07-1380 (JA)

CIVIL 07-1380 (JA)                                      2

OPINION AND ORDER

This matter is before the court on motion for reconsideration of the Opinion and Order dated March 19, 2010, filed by the Roberto Morgalo ("Mr. Morgalo") on March 29, 2010. (Docket No. 153.) A motion in opposition was filed by Rubén Blades ("Mr. Blades") on March 31, 2010. (Docket No. 155.) For the reasons set forth below, Mr. Morgalo's motion is DENIED.

I.  BACKGROUND

On February 16, 2010, Mr. Blades filed a motion requesting the court to order Mr. Morgalo and William Anthony Colón ("Mr. Colón") to produce a box of documents containing financial information of Martínez, Morgalo & Associates. (Docket No. 119, at 2, ¶ 1.) In his motion, Mr. Blades claimed that despite its numerous requests he was never given access to the documents. (Id.)

On January 18, 2010, Mr. Morgalo opposed Mr. Blades' motion to compel. (Docket No. 121.) Mr. Morgalo contended that he could not be compelled to produce the documents. (Id.) According to him, the requested documents were turned over on April 22, 2009, to Mr. Colón's attorney during the deposition of Mr. Blades. (Id. at 3, ¶¶ 3-4.) Also, Mr. Morgalo claimed that Mr. Blades had acknowledged the receipt of the documents, and that the requested discovery was not under his control. (Id. at 4, ¶ 6 & at 7, ¶ 14.)

CIVIL 07-1380 (JA)                                    3

On February 22, 2010, Mr. Blades filed a reply memorandum of law in support of his motion to compel. (Docket No. 124.) Mr. Blades contends that he never acknowledged receipt of the documents. (Id. at 3, ¶ 7.) Also, Mr. Blades argues that the requested documents had to be produced regardless of whether they were in Mr. Morgalo's possession. (Id. at 6-8.) According to Mr. Blades, Mr. Morgalo had control over the documents because he had a legal right over them. (Id.)

On March 2, 2010, Mr. Colón filed an informative motion in which he indicated that his attorney searched for the document but that he was not able to find them. (Docket No. 134, at 4, ¶ 7.) According to Mr. Colón the documents sought by Mr. Blades were probably picked up from his attorney's office either by Mr. Morgalo or by another person. (Id. at 2-3, ¶ 4.)

On March 19, 2010, an Opinion and Order was issued granting Mr. Blades' motion to compel production of documents. (Docket No. 145.) As a result, Mr. Morgalo was precluded "from presenting as evidence any of the documents requested by Mr. Blades and/or any testimony related to them." (Id. at 14.) Also, "Mr. Morgalo [was] ordered to pay $1,000 in attorney's fees to Mr. Blades." (Id.)

On March 29, 2010, Mr. Colón filed a motion informing that the documents had been discovered and that they were available for immediate review and

CIVIL 07-1380 (JA)                              4

delivery. (Docket No. 152.) On that same day, Mr. Morgalo filed a motion seeking reconsideration of the Opinion and Order. (Docket No. 153.) In his motion, Mr. Morgalo contends that since all of the parties admitted that the documents were turned over to Mr. Colón's attorney on April 22, 2009, he was not required to provide a statement under oath indicating that the documents requested by Mr. Blades had been produced. (Id. at 2, ¶ 3.) Mr. Morgalo also argues that contrary to what the court held, the documents that were requested by Mr. Blades were not under his control. (Id. at 3, ¶ 4.)

Mr. Morgalo claims that he requested the documents on multiple occasions but they were never produced because they had been misplaced by Mr. Colón's attorney. (Id.) Mr. Morgalo also argues that he did not have the authority or ability to obtain the documents. (Id.) Mr. Morgalo thus requests that: (1) the sanctions that were imposed be vacated; (2) he no longer be precluded from presenting as evidence any of the documents that were requested by Mr. Blades; (3) if the court finds that sanctions are still appropriate, that they be imposed upon Mr. Colon.[1] (Id. at 5.)

---

[1] Mr. Morgalo also requests that the court clarify a finding set forth in page 10, lines 13-16 of the Opinion and Order, which reads as follows: "Mr. Colón claims that a few days prior to the concert, Mr. Blades informed him that Mr. Morgalo had disappeared with their money." (Docket No. 153, at 4, ¶ 7.) According to Mr. Morgalo, the court's finding is not supported by the record. (Id. at 5.) Mr. Morgalo claims that the court's finding is incorrect because in the amended complaint, Mr. Colón alleges that Mr. Blades informed him that Arturo Martínez ("Mr. Martínez") was the one who disappeared with the money and not

CIVIL 07-1380 (JA)                              5

On March 31, 2010, Mr. Blades opposed to Mr. Morgalo's motion for reconsideration. (Docket No. 155.) Mr. Blades argues that there is no reason that would justify modifying or vacating the Opinion and Order. (Id. at 4, ¶ 9.) According to Mr. Blades he was not able to incorporate the evidence requested into his litigation strategy and depose Mr. Morgalo. (Id. at 2, ¶ 3.) Also, Mr. Blades claims that the documents have not yet been produced, and that there is no guarantee that the documents that were delivered by Mr. Morgalo to Mr. Colón have bee preserved or maintained. (Id.) He argues that there is still no index, log or useful description of the documents, which he believes could have been removed, destroyed or lost. (Id.) Mr. Blades requests that, if the court were to reconsider, facts 2-28 of the amended cross-claim be established for trial or that

---

him. (Id. at 4, ¶ 7.) Mr. Blades on the other hand argues that although it is true that in the amended complaint it is alleged that Mr. Martínez disappeared with the money, paragraph 23 of the amended cross-claim states that both Mr. Morgalo and Mr. Martínez disappeared and could not be found to account for the money. (Docket No. 155, at 4, ¶ 10.) Thus, Mr. Blades claims that "[w]ith such additional record reference, the recitation of facts is correct." (Id.)  After reviewing the amended complaint, I find that the findings of facts in the Opinion and Order need to be clarified. As Mr. Morgalo points out, the amended complaint states that Mr. Martínez was the one who disappeared with the money and not him. (Docket No. 45, at 2-3, ¶ 13.) As to the amended cross-claim, it is alleged that Mr. Morgalo and Mr. Martínez disappeared and that there was not anyone who could account for the money. (Docket No. 56, at 7, ¶ 23.) It is not, however, alleged that Mr. Morgalo and Mr. Martínez disappeared with the money. (Id.) Thus, the findings of fact cannot be corrected as Mr. Blades proposes. What Mr. Blades suggests is for the court to infer that Mr. Morgalo disappeared with the money. That will not happen.

CIVIL 07-1380 (JA)                                    6

he be entitled to an inference that the evidence sought and not produced by Mr. Morgalo was unfavorable to him.  (Id. at 3, ¶ 5.)  Also, Mr. Blades requests that, based on the number of hours, cost and expenses incurred in seeking an order to compel and reply memoranda, the costs awarded be increased to no less than $3,000.  (Id.)

## II. ANALYSIS

After analyzing Mr. Morgalo's  motion for reconsideration, I find no reason to vacate, modify or alter the Opinion and Order, since the motion simply restates the same arguments  that have already been considered and ruled upon.  It is well settled that "a request for reconsideration cannot be used merely to reargue a point already decided." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 325 (D.P.R. 2005) (citing Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001)). "Motions for reconsideration [are an] extraordinary remedy [that] should be sparingly granted." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 326 (citing Trabal-Hernández v. Sealand Servs., Inc., 230 F. Supp. 2d 258, 259 (D.P.R. 2002)).  As such, a motion for reconsideration "is not a means for a party to request the Court 'to rethink a decision it has already made, rightly or wrongly.'" Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 325-26 (quoting Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)).

None of Mr. Morgalo's arguments show that the Opinion and Order either suffers from a manifest error of law or that it is clearly unjust.  Also, Mr. Morgalo

does not bring forth new evidence or an intervening change in controlling law that should be considered in order to prevent a manifest injustice. The fact that the documents requested appeared out of nowhere after the Opinion and Order was entered does not change the fact, as Mr. Blades points out, of the severe inconveniences that have been imposed on the court. (Docket No. 155, at 2-3, ¶ 4.) It is clear more than anything else, that Mr. Morgalo simply disagrees with the court's Opinion and Order. Therefore, I find that Mr. Morgalo is not entitled to the relief sought.

## III. CONCLUSION

For the reasons set forth above, Mr. Morgalo's motion for reconsideration is DENIED.

At San Juan, Puerto Rico, this 14th of April, 2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge