IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM ANTHONY COLÓN, <br><br> Plaintiff <br><br> v. <br><br> RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES, <br><br> Defendants <br> RUBÉN BLADES, <br><br> Cross-Plaintiff <br><br> v. <br><br> ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC, <br><br> Cross-Defendants <br> ROBERT J. MORGALO, <br><br> Plaintiff <br><br> v. <br><br> RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC., <br><br> Defendants | CIVIL 07-1380 (JA) |

CIVIL 07-1380 (JA)                                                                  2

## OPINION AND ORDER

This matter is before the court on motion for reconsideration of the March 31, 2010 Opinion and Order, filed by Robert J. Morgalo ("Mr. Morgalo") on April 13, 2010, which motion was opposed by Rubén Blades ("Mr. Blades") and Rubén Blades Productions, Inc., ("RBP") on April 16, 2010. (Docket Nos. 154, 167 & 173.) For the reasons set forth below, Mr. Morgalo's motion for reconsideration is DENIED.

### I. BACKGROUND

On March 23, 2010, Mr. Blades and RBP moved to dismiss Mr. Morgalo's defamation claim for failing to answer and/or object to the second set of interrogatories. (Docket No. 148.) The motion to dismiss was granted on March 31, 2010. (Docket No. 154.) On April 13, 2010, Mr. Morgalo filed a motion for reconsideration. (Docket 167.) Mr. Morgalo argues that dismissal of the defamation claim was not warranted because: (1) his actions did not amount to contumelious behavior; (2) he was not given any notice of the consequences for not answering the interrogatories to either Mr. Blades or the court's satisfaction; (3) the court did not analyze whether lesser sanctions were more appropriate. (Id. at 5, 7 & 8.) The motion for reconsideration was opposed by Mr. Blades on April 16, 2010. (Docket No. 173.) In essence, Mr. Blades contends that Mr.

CIVIL 07-1380 (JA)                                    3

Morgalo's motion is unjustified and should be denied because it does not meet any of the standards for a motion for reconsideration. (Id. at 1-2.)

## II.  STANDARD OF REVIEW

"[M]otions for reconsideration should be granted sparingly because parties should not be free to re-litigate issues a court has previously decided." Silva Rivera v. State Ins. Fund Corp., 488 F. Supp. 2d 72, 78 (D.P.R. 2007) (citing Williams v. City of Pitsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). "A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Sánchez-Rodríguez v. Departamento de Corrección y Rehabilitación, 537 F. Supp. 2d 295, 297 (D.P.R. 2008) (citing Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)).

## III.  ANALYSIS

Mr. Morgalo argues that the court should not have dismissed the defamation claim because: (1) the interrogatories were not produced on the agreed date; (2) only 19 interrogatories were answered. (Docket No. 167, at 4.) Mr. Morgalo claims that these alleged transgressions should not have been taken in whole or in part as an intention on his behalf to refuse to answer or subvert the court's order, which according to him was non-existent. (Id. at 4-5, at 5, n.3.)

CIVIL 07-1380 (JA)                              4

Mr. Morgalo, therefore, believes that dismissal was not appropriate because there was not a pattern of extreme behavior present in this case. (Id. at 5.) Contrariwise, Mr. Morgalo claims that he has provided all the information that has been requested from him by the other parties. (Id.)

Mr. Blades, on the other hand, contends that the court has not erred in dismissing the defamation claim because Mr. Morgalo's failure to respond to the interrogatories on time was predicated on willful defiance and/or gross indifference to the court's order. (Docket No. 173, at 5.) According to Mr. Blades the answers to the interrogatories were untimely and even after supplementation remained seriously deficient, false and cryptic. (Id. at 5-6.) Mr. Blades claims that Mr. Morgalo has failed to provide relevant documents and names of witnesses, thereby severely affecting his efforts to prepare for trial. (Id. at 7.)

It is well settled that "[d]ismissal . . . [is one of the] most severe penalties that may be ordered against a recalcitrant party." Ruiz-Rosa v. Rullán, 485 F.3d 150, 154 (1st Cir. 2007) (citing Benítez-García v. González-Vega, 468 F.3d 1, 4 (1st Cir. 2006)). In determining whether dismissal is warranted, courts must consider all of the aspects of the case including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Malot v. Dorado

CIVIL 07-1380 (JA)                                              5

Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benítez-García v. González-Vega, 468 F.3d at 5 (quoting Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996)).

According to Mr. Morgalo, dismissal based on a single fault, as the one committed by him, is not warranted. (Docket No. 167, at 6.) Mr. Morgalo's argument is, however, contradicted by the record since it shows that he has repeatedly failed to comply with his discovery obligations. Mr. Morgalo was served with a first set of interrogatories and requests for production of documents on December 3, 2008. (Docket 173, at 8, ¶ 6.) After attempts to obtain the discovery sought, Mr. Blades filed a motion to compel against Mr. Morgalo on March 20, 2009. (Docket No. 93.) Mr. Blades' motion was granted by the court on May 12, 2009. (Docket No. 101.) The interrogatories, Mr. Blades claims, were answered on May 18, 2009. However, according to Mr. Blades the answers served by Mr. Morgalo were incomplete. (Docket No. 173, at 9, ¶ 10.) Mr. Blades claims that although the answers were later supplemented on September 15, 2009, no documents were produced. (Id. at 9, ¶ 12.) As a result, a motion to compel was filed by Mr. Blades requesting that the court order Mr. Morgalo to produce the documents that had been requested. (Docket No. 119.) The motion to compel was eventually granted. (Docket No. 145.) On January 22, 2010, Mr. Morgalo was served with a second set of interrogatories. (Docket No. 173, at 9,

CIVIL 07-1380 (JA)                            6

¶ 14.)  However, since Mr. Morgalo's answers were untimely and incomplete, Mr. Blades filed a motion to dismiss on March 23, 2010.  (Docket No. 148.)  On March 31, 2010, Mr. Blades' motion was granted.  (Docket No. 154.)

The procedural background shows that all throughout this case Mr. Morgalo has been attempting to circumvent the court's orders in order to unjustifiably delay the proceedings.  Mr. Morgalo's conduct cannot be considered as "'isolated incidents' [that would serve as a] plausible excusatory circumstance . . . ." Robledo-Rivera v. Cartagena, 233 F.R.D. 236, 238 (D.P.R. 2005) (citing Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39 (1st Cir. 2009)). The fact that there was not a written order compelling Mr. Morgalo to answer the second set of interrogatories does not mean that he had the right to disregard his discovery obligations.  During the discovery hearing held on March 1, 2010, the parties informed the court that they had agreed on a date to answer the interrogatories.  Thus, the court was entitled to expect the interrogatories to be answered on the agreed date.  Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) ("[w]hen a litigant . . . proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline") (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002); see Young v. Gordon, 330 F.3d 76, 81-82 (1st Cir. 2003) (affirming district court's sanction of dismissal for, inter alia, noncompliance with

CIVIL 07-1380 (JA)                              7

courts orders and failing to meet self-imposed deadlines).  The court cannot simply turn a blind eye to Mr. Morgalo's litigation tactics.  To do so would allow Mr. Morgalo to determine at its own convenience the pace on how discovery should proceed. That will not happen.

As to Mr. Morgalo's contention that the lack of notice before dismissing the defamation claim serves as a mitigating factor, I find that it is unpersuasive.  In the Opinion and Order of March 19, 2010, the court warned Mr. Morgalo that dismissal was an available sanction for failing to comply with a discovery request. (Docket No. 154, at 3.)  Although the warning might not have been as explicit as Mr. Morgalo would have wanted, it does not mean that he was not aware that dismissal was out of the question. García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 9 (1st Cir. 2010).  Based on the fact that Mr. Morgalo's discovery violations resulted in two motions to compel and that trial is scheduled for May 17, 2010, he had adequate notice that his failure to answer the second set of interrogatories in a proper and timely manner would lead to sanctions, including the dismissal of the defamation claim.  García-Pérez v. Hosp. Metropolitano, 597 F.3d at 9 (quoting Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 50 n.5 (1st Cir. 2003)).  The court does not have the "obligation to play nursemaid to indifferent parties."  Pinto v. U.P.R., 895 F.2d 18, 19 (1st Cir. 1990).  Consequently, the court was not required to consider a lesser sanction before dismissing his claim.

CIVIL 07-1380 (JA)                                     8

Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) (when a litigant has been forewarned of the consequences of disregarding an order, "the court need not exhaust less toxic sanctions before dismissing a case . . . "). If a lesser sanction had been imposed, it would have shrunk the court's duty to "secure the just, speedy, and inexpensive determination of every action." Dyno Nobel, Inc. v. Amotech Corp., 63 F. Supp. 2d 140, 144 (D.P.R. 1999) (quoting Fed. R. Civ. P. 1); see Figueroa Ruiz v. Alegría, 896 F.2d 645, 649 (1st Cir. 1990); John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 109-10 (1st Cir. 1998). Mr. Morgalo has failed to show entitlement to the relief sought.

### III. CONCLUSION

For the reasons set forth above, Mr. Morgalo's motion for reconsideration is hereby DENIED.

At San Juan, Puerto Rico, this 28th day of April, 2010.

S/ JUSTO ARENAS

Chief United States Magistrate Judge