IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

ROBERT J. MORGALO,

Plaintiff

v.

RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,

Defendants

CIVIL 07-1380 (JA)

CIVIL 07-1380 (JA)                                   2

## OPINION AND ORDER

This matter is before the court on motion to strike cross-defendant/third-party plaintiff, Robert J. Morgalo's (Mr. Morgalo") third-party complaint, amended third-party complaint and informative motion, filed by the defendant/cross-plaintiff, Rubén Blades ("Mr. Blades"), on April 7, 2010. (Docket No. 160.) For the reasons set forth below, Mr. Blades' motion is GRANTED.

## I.  OVERVIEW

On April 5, 2010, in the middle of a default hearing Mr. Morgalo electronically filed a third-party complaint and an amended third-party complaint against Arturo Martínez, Ariel Rivas, César Sainz, and an unknown defendant. (Hereinafter the "third party complaint.") (Docket Nos. 156 & 157.) Also, an informative motion was filed by Mr. Morgalo in support of the third-party complaint on April 6, 2010. (Docket No. 159.) On April 7, 2010, Mr. Blades filed a motion to strike both the third-party complaint and the informative motion. (Docket No. 160.) According to Mr. Blades, the third-party complaint has to be stricken pursuant to Federal Rule of Civil Procedure 14(a)(1) because it was filed without leave of the court and without any notice. (Id. at 2, ¶¶ 1 & 3.) Also, Mr. Blades argues that the third-party complaint is insufficient on its face. (Id. ¶ 4.) Mr. Blades claims that the third-party complaint "does not state any facts upon which the named third-party defendants are or may be liable to [Mr.] Morgalo for

CIVIL 07-1380 (JA)                         3

all or part of [his] claims against [Mr.] Morgalo . . . ." (Id.)  As to the informative motion, Mr. Blades contends that it has to be stricken pursuant to Federal Rule of Civil Procedure 12(f) because it contains "counsel's personal characterization of [the] evidence introduced at [the default hearing], additional facts not in evidence, [and] improper conclusions of law . . . ." (Id. at 3, ¶ 6.)  Mr. Blades' motion was not opposed by Mr. Morgalo.

## II.  ANALYSIS

### A.  Third-Party Complaint

Mr. Blades argues that the third-party complaint was filed by Mr. Morgalo without leave of court.  (Id. at 2, ¶ 1.)  Rule 14(a)(1) of the Federal Rules of Civil Procedure states that:

> A defending party may, as third-party plaintiff serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).[1]

"The term 'original answer' is not defined in Rule 14 and is subject to a literal or a functional interpretation." Guar. Co. of N. Am. v. Pinto, 208 F.R.D. 470, 472 (D. Mass. 2002).  "According to a literal interpretation, the 'original

---

[1] The time set in the former rule was 10 days but was later changed to 14 days when the Federal Rules of Civil Procedure were amended in 2009.  Fed. R. Civ. P. 14(a)(1).

CIVIL 07-1380 (JA)                    4

answer' is the answer to the 'original' complaint, the complaint that commenced the action." Id. On the other hand, under a functional interpretation, courts have defined the term "'original answer' . . . to mean the answer that responds to the plaintiff's complaint on which the third-party claim is based." Id. at 473 (citing Fed. Trade Comm'n v. Capital City Mortgage Corp., 186 F.R.D. 245, 247 (D.D.C. 1999); Ahern v. Guassoin, 104 F.R.D. 37, 39 (D. Or. 1984); In re "Agent Orange" Prod. Liab. Litig., 100 F.R.D. 778, 780 (E.D.N.Y. 1984)). "This interpretation extends the definition of 'original answer' to include not just the answer to the original complaint in the action but also to an amended complaint if the amended complaint changes the need for impleader." Guar. Co. of N. Am. v. Pinto, 208 F.R.D. at 473.

In this case, the complaint was filed on May 4, 2007. (Docket No. 1.) An amended complaint was later filed on April 29, 2008. (Docket No. 45.) On September 2, 2008, Mr. Morgalo filed an answer to the amended complaint. (Docket No. 66.) Thus, pursuant to Rule 14(a)(1), Mr. Morgalo had until May 13, 2008, to request leave from the court to file the third-party complaint.[2] However, Mr. Morgalo failed to do so. The third-party complaint was filed almost two years after the amended complaint was filed. (Docket Nos. 156 & 157.) As such, "[t]he

---

[2] Since the amended complaint was answered before the 2009 amendments came into effect on December 1, 2009, Mr. Morgalo had 10 work days instead of 14 calendar days to seek leave of the court in order to file the third-party complaint.

CIVIL 07-1380 (JA)                                    5

decision on whether to allow a third-party claim lies within the sound discretion of the trial court." <u>Zeus Projects Ltd. v. Pérez y Cia. de P.R., Inc.</u>, 187 F.R.D. 23, 33 (D.P.R. 1999) (citing <u>Consol. Rail Corp. v. Friedman</u>, 758 F. Supp. 128, 130 (S.D.N.Y. 1990); <u>United States v. Gov't Dev. Bank</u>, 725 F. Supp. 96, 105 (D.P.R. 1989)).

"In exercising its discretion, the court considers the following factors:  (1) whether the third-party claim would prejudice the plaintiff, (2) the risk of unduly complicating the issues or unnecessarily delaying the resolution of the controversy, (3) the timeliness of the motion to implead, (4) the merit of the third-party claim, and (5) any additional expenses the claim may impose on the parties." <u>Arroyo-López v. Hosp. Dr. Domínguez, Inc.</u>, 262 F.R.D. 93, 96 (D.P.R. 2009) (citing <u>Zeus Projects Ltd. v. Pérez y Cia. de P.R., Inc.</u>, 187 F.R.D. at 30); see <u>United States v. Gov't Dev. Bank</u>, 725 F. Supp. at 105 (citing <u>Pérez-Cruz v. Fernández-Martínez</u>, 551 F. Supp. 794 (D.P.R. 1982)).  Furthermore, "a motion to bring in a third party may be denied when the delay amounts to laches, especially when prejudice to the parties or delay of the trial will result, or when the movant cannot  reasonably explain the delay."  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1454, at 426 (2d ed. 1990).

CIVIL 07-1380 (JA)                                6

Most of these factors weigh against allowing the third-party complaint. First, trial is scheduled to begin, and will begin, on May 17, 2010. (Docket No. 114.) Second, of the third-party defendants, only Mr. Martínez and Mr. Rivas have been served. (Docket Nos. 161 & 162.) This means that there would be little less than a month, until the trial starts, to serve the remaining third-party defendants, conduct discovery and present dispositive motions. Thus, delays would be not only foreseeable but inevitable. Third, as stated earlier, the third-party complaint was filed without leave of the court and almost two years after the amended complaint was answered. In other words, the third-party complaint was not filed in a timely fashion. Fourth, the third-party complaint fails to state a claim upon which relief can be granted. Under the pleading standard announced in Iqbal, the court "need not accept as true legal conclusions from the [third party complaint] or "naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanés, 568 F.3d 263, 266 (1st Cir. 2009) (citing Iqbal v. Ashcroft, 129 S. Ct. 1937, 1960 (2009)). As Mr. Blades points out, Mr. Morgalo does not allege any facts in the third-party complaint upon which the third-party defendants are or may be liable to him for all or part of Mr. Blades' claim against him. (Docket No. 160, at 2, ¶ 4.) It is well settled that a "third party claim, [like the one in this case], is not appropriate [when] the defendant and putative third party plaintiff . . . [simply makes a] 'It was him, not me' [claim]." PPV

CIVIL 07-1380 (JA)                              7

Connection, Inc. v. Rodríguez, 228 F.R.D. 99, 101 (D.P.R. 2005) (quoting Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987)).  Mr. Morgalo had the obligation of providing "the grounds of his entitlement to relief."  However he has failed to do so.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Therefore, allowing the third-party complaint would only delay the resolution of this case and thereby impose additional and unnecessary expenses on the parties at this late stage of the proceedings.

     B.  Informative Motion

Mr. Blades contends that the informative motion filed by Mr. Morgalo in support of the third-party complaint and the amended third-party complaint has to be stricken pursuant to Federal Rule of Civil Procedure 12(f).  (Docket No. 160, at 3, ¶ 6.)  Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Federal Rule of Civil Procedure 7 "distinguishes between 'pleadings' and 'motions.'"  Marcello v. Maine, 489 F. Supp. 2d 82, 85 (D. Me. 2007).  According to Rule 7(a), only the following pleadings are allowed:

    (1)    a complaint;
    (2)    an answer to a complaint;
    (3)    an answer to a counterclaim designated as a counterclaim;
    (4)    an answer to a crossclaim;
    (5)    a third-party complaint;

CIVIL 07-1380 (JA)                                  8

        (6)    an answer to a third-party complaint; and
        (7)    if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

    An informative motion is not a pleading within the meaning of Rule 12(f). Indeed it is a local oxymoron.  Thus, Rule 12(f) is not the proper vehicle to strike Mr. Morgalo's informative motion.  However, having disallowed the third-party complaint, I believe the informative motion filed by Mr. Morgalo in support of the third-party complaint must be and therefore is stricken.

### III. CONCLUSION

    For the reasons set forth above, Mr. Blades' motion to strike the third-party complaint and the informative motion is hereby GRANTED.

    At San Juan, Puerto Rico, this 29th of April, 2010.

                                            S/ JUSTO ARENAS
                             Chief United States Magistrate Judge