IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM ANTHONY COLÓN,<br><br>Plaintiff<br><br>v.<br><br>RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES,<br><br>Defendants<br><br>RUBÉN BLADES,<br><br>Cross-Plaintiff<br><br>v.<br><br>ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,<br><br>Cross-Defendants<br><br>ROBERT J. MORGALO,<br><br>Plaintiff<br><br>v.<br><br>RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,<br><br>Defendants | CIVIL 07-1380 (JA) |

CIVIL 07-1380 (JA)                                    2

## OPINION AND ORDER

This matter is before the court on motion to stay proceedings filed by cross-claim defendant Robert J. Morgalo ("Mr. Morgalo") on May 10, 2010. (Docket No. 200.) The motion was opposed by cross-claimant Rubén Blades ("Mr. Blades") on May 11, 2010. (Docket No. 203.) For the reasons set forth below, Mr. Morgalo's motion is DENIED.

### I.  OVERVIEW

Along with the motion to stay, Mr. Morgalo also filed two notices of appeal on May 10. (Dockets Nos. 198 & 199.) The notices addressed an Opinion and Order entered on April 28, 2010, and an Opinion and Order entered on April 14, 2010. (Id.) Specifically, Mr. Morgalo claims that because the Opinion and Order of April 14, 2010, precludes him from presenting the documents requested by Mr. Blades and/or any testimony related to them, the jury's perception of the facts in the case during trial will be affected. (Docket No. 199, at 2, ¶¶ 4 & 5.) Mr. Morgalo argues that as a result he will not be able to adequately defend himself against Mr. Blades' allegations during trial. (Docket No. 200, at 2, ¶ 6.) He believes that if the appeal is decided in his favor, his participation at trial will materially change since he will be able to present the evidence to the jury in support of his arguments. (Id. at 3, ¶ 9.) Mr. Morgalo therefore requests that the court order a stay of proceedings until the appeals are addressed. (Id.) Mr.

CIVIL 07-1380 (JA)                                          3

Blades argues that Mr. Morgalo's motion for stay must be denied because it fails to demonstrate that: (1) he will likely succeed on appeal; (2) absent the stay he will be irreparably injured; (3) issuing the stay will not substantially cause any injury to Mr. Blades. (Docket No. 203.)

## II. ANALYSIS

"As a general rule, interlocutory orders are not immediately appealable because they lack the requisite finality." Torres v. Puerto Rico, 485 F.3d 5, 8 (1st Cir. 2007). However, an interlocutory order may be appealed if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." U.S. Fidelity & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 53 n.10 (1st Cir. 2009) (quoting 28 U.S.C. § 1292(b)). Also, an interlocutory order may be reviewable under the "collateral order" doctrine. Awuah v. Coverall N. Am., Inc., 585 F.3d 479, 480 (1st Cir. 2009) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949); Gill v. Gulfstream Park Racing Ass'n, Inc., 339 F.3d 391, 398 (1st Cir. 2005)). In order to qualify for review under the collateral order doctrine, the collateral issue must:

> (1) [be] so conceptually distinct from other issues being litigated in the underlying action that an immediate appeal would neither disrupt the main action, nor threaten to deprive the appellate court of useful context which might be derived from subsequent developments in the litigation; (2) completely and conclusively resolve

CIVIL 07-1380 (JA)                          4

>       the collateral issue; (3) infringe rights which appellant
>       could not effectively vindicate in an appeal after final
>       judgment in the case; and (4) involve an important or
>       unsettled legal issue, rather than merely challenge
>       discretionary trial court rulings.

United States v. Carpenter, 494 F.3d 13, 25 (1st Cir. 2007) (quoting United States v. Kouri-Pérez, 187 F.3d 1, 5 (1st Cir. 1999)).

In this case, stay of the proceedings is not warranted because review of the court's orders under 28 U.S.C. § 1292(b) on the "collateral order" doctrine has no basis in law. It is well settled that the party who is seeking appellate review has the burden of convincing not only the district court, but also the appellate court, that the section 1292(b) criteria is met. Camacho v. P.R. Ports Auth., 267 F. Supp. 2d 174, 177 (D.P.R. 2003) (citing Estates of Ungar ex rel. Strachman v. Palestinian Auth., 228 F. Supp. 2d 40, 50 (D.R.I. 2002)). However, Mr. Morgalo has neither requested the certification to appeal the interlocutory orders nor has he presented any legal argument in favor of a section 1292(b) certification. Mr. Morgalo has failed to demonstrate that review under the "collateral order" doctrine is warranted.

Regardless, even assuming that the court's orders are reviewable it does not change the fact that a stay should not be issued. The Court of Appeals for the First Circuit has held that "the issuance of a stay [pending appeal] depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's]

CIVIL 07-1380 (JA)                              5

likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].'" Berberena-García v. Avilés, 258 F.R.D. 42, 43 (D.P.R. 2009) (quoting Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir. 2002) (citing United Steelworkers of Am. v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted)).  None of these factors weighs in favor of staying the proceedings.

    Mr. Morgalo has failed to show that there is a likelihood that he will prevail on appeal.  Contrariwise, Mr. Morgalo has acknowledged that the likelihood that he will succeed is more improbable than probable.  (Docket No. 200, at 3, ¶ 9.)  Other than claiming that by not being able to present any evidence and/or testimony related to the documents requested by Mr. Blades the jury's perception of the facts will be affected, Mr. Morgalo has not shown that without the issuance of the stay he will suffer any significant prejudice.  The fact is that if Mr. Morgalo understands that he is not able to properly defend himself from Mr. Blades' allegations during trial, he will still be able to vindicate his rights after a final judgment is entered.  See Faigin v. Kelly, 184 F.3d 67, 79-80 (1st Cir. 1990); see also Awuah v. Coverall N. Am., Inc., 585 F.3d at 481-82 (holding that courts regularly deny interlocutory appeals in which litigants seek to challenge discovery orders).

CIVIL 07-1380 (JA)                               6

Mr. Morgalo has not shown that Mr. Blades will not be prejudiced if the stay were to be issued.  However, such prejudice will be caused if the stay is granted since it "would do little more than insert a monkey wrench into the machinery of the ongoing litigation." Bank of N.Y. v. Hoyt, 108 F.R.D. 184, 190 (D.R.I. 1985). This case is three years old.  This fact alone demonstrates that not only will Mr. Blades' interests be affected but so will the public's interest as well, if a stay were to be issued.

### III.  CONCLUSION

For the reasons set forth above, Mr. Morgalo's motion to stay proceedings is hereby DENIED.

At San Juan, Puerto Rico, this 13th of May,  2010.

                                        S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge