IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

CIVIL 07-1380 (JA)

OPINION AND ORDER

This matter is before the court on motion for costs and attorney's fees filed by the defendant, Rubén Blades. (Docket No. 221.) The motion was not opposed by plaintiff, William A. Colón. For the reasons set forth below Mr. Blades's motion is DENIED.

CIVIL 07-1380 (JA)                              2

## I.  BACKGROUND

On May 4, 2007, Mr. Colón filed a complaint for breach of contract and collection of monies against Mr. Blades. (Docket No. 1.) The complaint was later amended on April 29, 2008, to include Roberto Morgalo and Morgalo, Martínez and Associates ("M.M.A.") as defendants. (Docket No. 45.) According to Mr. Colón, in January, 2003, he and Mr. Blades agreed to perform at a musical concert in San Juan, Puerto Rico. (Id. at 2, ¶ 9.) The fee for the concert was $350,000 to be spilt evenly between Mr. Colón and Mr. Blades. (Id.) Mr. Colón claimed that pursuant to the agreement, Mr. Blades was in charge of the business aspects of the concert, including collecting the fee and making payments to him. (Id. ¶ 10.) Mr. Colón, in turn, claimed that he was only in charge of the concert's production. (Id.) Mr. Colón alleged that in order to handle the business aspects of the concert, Mr. Blades contracted the services of M.M.A. (Id. ¶ 11.) Also, Mr. Colón claimed that according to the agreement his fee for the concert had to be paid in full prior to traveling from New York to San Juan, Puerto Rico. (Id. ¶ 13.) However, Mr. Colón claimed that a few days prior to the concert Mr. Blades informed him that one of the partners of M.M.A., Arturo Martínez, had disappeared with the money. (Id. at 2-3, ¶ 13.) Mr. Colón claimed that after telling Mr. Blades that he would not perform at the concert, Mr. Blades told him that he was going to pay him the money that was owed to him. (Id. at 3, ¶¶ 14 & 15.) As a result,

CIVIL 07-1380 (JA)                               3

Mr. Colón performed at the concert. (Id. ¶ 15.) Mr. Colón claimed that despite his efforts he was not able to collect from Mr. Blades the money that was owed to him. (Id. ¶ 17.)

On June 5, 2008, Mr. Blades filed a cross-claim against Mr. Morgalo and M.M.A. (Docket No. 49.) The cross-claim was amended on July 29, 2009. (Docket No. 56.) In essence, Mr. Blades claimed that Mr. Morgalo and M.M.A. engaged in fraud, conspiracy to defraud, breach of contract and breach of fiduciary duties by failing to pay the amounts owed in connection with the concert. (Id. at 2, ¶ 1.) Consequently, Mr. Morgalo filed a defamation claim against Mr. Blades and Rubén Blades Productions ("RBP") in the United States District Court for the Southern District of New York. (Docket No. 58-3.) On August 12, 2008, the defamation claim was consolidated with the present case but was later dismissed on March 31, 2010. Colón v. Blades, ___ F.R.D. ___, No. 07-1380 (JA), 2010 WL 1235848 (D.P.R. Mar. 31, 2010). As for the cross-claim, the court entered default judgment against M.M.A. on June 15, 2010. Colón v. Blades, ___ F. Supp. 2d ___, No. 07-1380 (JA), 2010 WL 2365448 (D.P.R. June 15, 2010).

On May 6, 2010, after reaching a settlement agreement with Mr. Morgalo, Mr. Colón filed a motion dismissing all claims against both Mr. Morgalo and Mr. Blades without the imposition of costs, expenses and attorney's fees. (Docket No. 188.) On May 7, 2010, the court granted Mr. Colón's motion for voluntary

CIVIL 07-1380 (JA)                                    4

dismissal. (Docket No. 193.) However, Mr. Colón's request that dismissal be without the imposition of costs and attorney's fees was denied. (Id.) On June 1, 2010, Mr. Blades filed a motion requesting the court to order Mr. Colón to pay the costs and attorney's fees incurred by him in defending himself against his claims. (Docket No. 221.) According to Mr. Blades, the amount incurred in litigation expenses and attorney's fees total $229,784.84. (Id. at 2.) Mr. Blades argues that he is entitled to costs and attorney's fees because Mr. Colón's claims were factually frivolous, brought for improper purpose and obstinately maintained against him. (Id. at 12.)

## II.  ANALYSIS

Under federal common law the parties in a federal question case bear their own costs and attorney's fees. Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 673 F. Supp. 2d 79, 81 (D.P.R. 2009) (quoting Buckannon v. W. Va. Dep't of Health, 532 U.S. 598, 602 (2001)); Davison v. P.R. Firefighters Corps., 479 F. Supp. 2d 243, 246 (D.P.R. 2007) (citing Home Sav. Bank v. Gillam, 952 F.2d 1152, 1162 (9th Cir. 1991)). Therefore, "a plaintiff's voluntary dismissal with prejudice does not entitle a defendant to attorney's fees." Nippy, Inc. v. Pro Rok, Inc., 932 F. Supp. 41, 43 (D.P.R. 1996) (citing Colombrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir. 1985); Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985); Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965); Esquivel v. Arau, 913 F. Supp.

CIVIL 07-1380 (JA)                           5

1382, 1388 (C.D. Cal. 1996)).  However, in cases such as this "wherein the jurisdiction is premised on to diversity of citizenship, the applicable standard of law for the determination of attorney's fees is state law."  Rodríguez-López v. Institución Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202 (D.P.R. 2009); see Intimate Fashions, Inc. v. El Telar, Inc., 570 F. Supp. 2d 225, 229 n.8 (D.P.R. 2008).

"Puerto Rico's Civil Procedure Rule 44.1(d) provides that '[i]n the event any party or its lawyers has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of sum for attorney's fees which the court decides corresponds to such conduct.'" Camacho-Albert v. Méndez & Co., 589 F. Supp. 2d 141, 146 (D.P.R. 2008) (quoting P.R. Laws Ann. tit. 32, App. III, R. 44.1(d), cited in Top Entm't, Inc. v. Torrejón, 351 F.3d 531, 533 (1st Cir. 2003)). "The main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Top Entm't, Inc. v. Torrejon, 351 F.3d at 533 (quoting Fernández Mariño v. San Juan Cement Co., 118 D.P.R. 713, 718 (1987), 18 P.R. Offic. Trans. 823, 830 (1987)).

In determining whether a party or its lawyer was obstinate, a court must examine whether a litigant was "unreasonably adamant or stubbornly litigious,

CIVIL 07-1380 (JA)                                6

beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 30 (1st Cir. 2002) (quoting De León López v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991)). "[O]nce the court makes a finding of obstinacy the award for attorney's fees . . . is mandatory." Nuñez-Santiago v. P.R. Elec. Power Auth., 206 F. Supp. 2d 231, 232-33 (D.P.R. 2002) (citing Fajardo Shopping Ctr. v. Sun Alliance Ins. Co. of P.R., Inc., 167 F.3d 1, 14 (1st Cir. 1999)).  Also, in making a determination of obstinacy courts take into account several factors including: "(1) the complexity of the issues, the clarity of the law, and the disposition of the litigants-in short, the "personality" of the case; (2) the delay and stubbornness in discovery, including a disregard for court orders; (3) temerity in settlement negotiations; and (4) the novelty of the claim." Colón v. Rinaldi, Md., 547 F. Supp. 2d 122, 125 (D.P.R. 2008) (citations omitted); see also Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d at 31.

   Mr. Blades argues that the complaint filed by Mr. Colón was frivolous because the allegations contained in it had no basis in fact and law.  (Docket No. 221, at 2.)  According to Mr. Blades, the amount demanded by Mr. Colón in the complaint would have never exceeded the jurisdictional minimum of $75,000 if half of the commission that was paid to M.M.A. had not been included. (Id. at 7

CIVIL 07-1380 (JA)                                    7

& 8.)  Also, Mr. Blades contends that the evidence produced by him showed that the money that was paid by the promoters was used by Mr. Martínez and Mr. Morgalo to settle other debts.  (Id. at 8.)  Notwithstanding the above, Mr. Blades claims that Mr. Colón prevented him from having access to evidence that showed the extent of Mr. Morgalo's participation and responsibility for the missing funds, and that he stubbornly insisted in pointing the accusatory finger at him. (Id. at 9.) Furthermore, Mr. Blades argues that Mr. Colón's allegation that he was jointly responsible for M.M.A.'s conduct was not only conclusory but also meritless and unsubstantiated.  (Id.)  According to Mr. Blades, he was never a joint or co-obligor with respect to Mr. Colón because he was not a member, shareholder or a partner in M.M.A.  (Id.)  Mr. Blades, therefore, claims that for the last three years Mr. Colón's purpose in continuing with the complaint has been to extract a settlement by forcing him to run up litigation expenses.  (Id. at 10.)

Despite these allegations, Mr. Blades has failed to show that Mr. Colón's conduct was obstinate.  First, this case presented complex issues of both facts and law involving numerous parties.  Colón v. Blades, ___ F. Supp. 2d ___ , No. 07-1380 (JA), 2010 WL 1914213, at *2 (D.P.R. May 13, 2010) (holding that stay of proceedings pending appeal was not warranted under the "collateral order" doctrine); Colón v. Blades, No. 07-1380 (JA), 2009 WL 3347627 (D.P.R. Oct. 14, 2009) (denying motion for reconsideration and request for 28 U.S.C. § 1292(b)

CIVIL 07-1380 (JA)                                        8

certification filed by Mr. Baldes); Colón v. Blades, No. 07-1380 (JA), 2009 WL 2612523 (D.P.R. Aug. 21, 2009) (denying motion for summary judgment for lack of subject matter jurisdiction filed by Mr. Blades).  Besides Mr. Colón's complaint and amended complaint, a cross-claim and amended cross claim was filed by Mr. Blades as well as a third-party complaint and an amended third-party complaint filed by Mr. Morgalo. Colón v. Blades, ___ F.R.D. ___ , No. 07-1380 (JA), 2010 WL 1731666 (D.P.R. Apr. 29, 2010) (striking third-party complaint, amended third- party complaint); (Docket Nos. 1, 45, 49, 56, 156, 157.)  Also, the complaint filed by Mr. Morgalo against Mr. Blades and RBP for defamation was consolidated with the instant case. Colón v. Blades, ___ F.R.D. ___ , No. 07-1380 (JA), 2010 WL 1235848 (D.P.R. Mar. 31, 2010).  Second, since the inception of this case Mr. Colón has not delayed or demonstrated stubbornness in discovery. It is important to point out that even though Mr. Blades filed a motion to compel against Mr. Colón to produce a box of documents containing financial information of M.M.A., Mr. Morgalo was the one who was ordered to provide the documents requested. Colón v. Blades, ___ F.R.D. ___ , No. 07-1380 (JA), 2010 WL 986704 (D.P.R. Mar. 19, 2010).  Also, Mr. Morgalo was precluded from presenting as evidence any of the documents requested by Mr. Blades or any testimony related to them, and was ordered $1,000 in attorney's fees. Id. at *6.  Third, the record shows that Mr. Colón has not disregarded any of the court's orders.  Although Mr.

CIVIL 07-1380 (JA)                              9

Morgalo was ordered to produce the documents requested by Mr. Blades, Mr. Colón informed the court that the missing box containing the documents had been discovered and that they were available for immediate review and delivery. (Docket No. 152.)  Fourth, there is no indication that Mr. Colón acted with temerity in settlement negotiations.  (Docket No. 219.)  Therefore, since Mr. Colón did not incur in obstinacy, Mr. Blades cannot recover costs and attorney's fees pursuant to Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure.

### III.  CONCLUSION

For the reasons set for above, Mr. Blades's motion for costs and attorney's fees is hereby DENIED.

At San Juan, Puerto Rico, this 14th of July, 2010.

                                                        S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge