IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ, MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERTO MORGALO, in his personal capacity, and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

CIVIL 07-1380 (JA)

OPINION AND ORDER

This matter is before the Court on Motion for Reconsideration and/or to Alter or Amend Judgment filed by the defendant, Rubén Blades on July 23, 2010. (Docket No. 238.) The motion was unopposed by plaintiff, William Anthony Colón. For the reasons set forth below, the defendant's motion is GRANTED in part and DENIED in part.

CIVIL 07-1380 (JA)                                         2

## I. OVERVIEW

The defendant moves for reconsideration, pursuant to Fed. R. Civ. P. 59(e), of the Opinion and Order issued on July 14, 2010. (Docket Nos. 235.) According to the defendant, I erroneously denied his request for legal costs. (Id.) He claims that since plaintiff did not object, I should not have denied his request for fees. Id. at 4.) The defendant also claims that as the prevailing party he was entitled to recover legal costs pursuant to the mandatory language in Fed. R. Civ. P. 54(d) and Puerto Rico Civil Rule 44.1(a). (Id. at 5.) Moreover, the defendant contends that attorney's fees should have also been awarded because plaintiff instituted and litigated for three years a groundless action vexatiously, wantonly, and for oppressive reasons, only to dismiss it on the eve of trial. (Id. at 6.) He claims that plaintiff's in and out of court conduct alone shows that he acted with temerity. (Id.) For instance, the defendant alleges that plaintiff initiated and prosecuted this case against the wrong defendant and for a wrong amount, and extended the case more than was necessary. (Id.) The defendant claims that these actions caused him to undertake otherwise avoidable actions, and incur in unnecessary expenses. (Id. at 7.) The defendant seeks $10,659.84 in legal costs and $219,125.00 in attorney's fees. (Id. at 4 & 7.)

## II. STANDARD OF REVIEW

CIVIL 07-1380 (JA)                              3

"Although the Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, depending on the time it is served, it 'may be entertained either as ... (1) a motion to alter or amend judgment pursuant to Rule 59(e) Fed. R. Civ. P. or (2) a motion for relief from judgment under Rule 60 Fed. R. Civ. P.'" Rosario-Méndez v. Hewlett Packard Caribe, 660 F. Supp.2d 229, 232 (D.P.R. 2009) (quoting Lozano v. Corona, 186 F. Supp.2d 77, 79 (D.P.R. 2002). "Fed. R. Civ. P. 59(e) allows a party, within [28] days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion." Candelario del Moral v. UBS Financial Services Inc. of Puerto Rico, ___ F. Supp. 2d ____, 2010 WL 1409433, * 2 (D.P.R. April 9, 2010) (citing Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004)); see Fed. R. Civ. P. 59(e)(West 2010); Rodriguez-Rivas v. Police Dept. of Puerto Rico, 699 F. Supp. 2d 397, 400 (D.P.R. 2010). "Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cintrón v. Pavia Hato Rey Hosp., 598 F. Supp. 2d 238, 241 (D.P.R. 2009) (quoting F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed.

CIVIL 07-1380 (JA)                                    4

Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). "Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories." Cintrón v. Pavia Hato Rey Hosp., 598 F. Supp.2d at 241 (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir.2003)).

### III. ANALYSIS

1. Legal Costs

"Rule 54(d)(1) of the Federal Rules of Civil Procedure states that costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Meléndez-Benitez v. U.S., 498 F. Supp. 2d 460, 462 (D.P.R. 2007); see also Rodríguez-García v. Davila, 904 F.2d 90, 100 (1st Cir.1990) (holding that the "award of costs is a matter given to the discretion of the district court, which [the First Circuit] will review only to ensure that no abuse of discretion occurred").[1] "Though the Court has discretion in awarding costs, the

---

[1] Puerto Rico Rule of Civil Procedure 44.1(a) provides that: "Costs shall be allowed to the prevailing party, except when otherwise directed by law or by these rules. The costs which may be allowed by the court are those expenses necessarily incurred in prosecuting an action or proceeding which, according to law or to the discretion of the court, one of the parties should reimburse to the other." Gil de Rebollo v. Miami Heat Associations, Inc., 137 F.3d 56, 66 (1st Cir. 1998) (quoting P.R. Laws Ann. tit. 32, App. III, Rule 44.1(a)).

CIVIL 07-1380 (JA)                              5

First Circuit obligates the Court to 'offer some statement as to why it denied [Rule 54(d)(1)] costs to [the] prevailing party.'" Rivera-Pomales v. Bridgestone Firestone, Inc., 224 F.R.D. 50, 51 (D.P.R. 2004) (quoting In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956, 963 (1st Cir.1993)). "The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party . . . ." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668 (3d ed. 1998).

The defendant's request for legal costs was denied because he had failed to show that plaintiff had incurred in obstinacy. Colón v. Blades, ___ F. Supp. 2d ____, 2010 WL 2802172, * 3 (D.P.R. July 14, 2010). Although I did state the reason for denying the defendant's request, that reason was wrong. Plaintiff's voluntary dismissal made the defendant the prevailing party. Maine School Administrative Dist. No. 35 v. Mr. R., 321 F.3d 9, 16 (1st Cir. 2003) (holding that "[a] triumphant defendant may qualify as a prevailing party for the purpose of obtaining a fee award."); see also 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2667 (3d ed. 1998). As such, plaintiff was entitled to recover legal costs under Fed. R. Civ. P. 51(d)(1). The only way that

CIVIL 07-1380 (JA)                                6

the defendant could have been precluded from recovering legal costs would have been if plaintiff had shown that it was unwarranted. However, by opposing neither the motion for attorney's fees nor the motion for reconsideration, plaintiff failed to meet his burden. Therefore, I leave without effect the prior holding in part and grant the defendant's request for legal costs in the amount of $10,659.84.

   2. Attorney's Fees

In diversity cases "the applicable standard of law for the determination of attorney's fees is state law." Rodríguez-López v. Institución Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202 (D.P.R. 2009). Under Puerto Rico law attorney's fees may be awarded when a "party or its lawyer has acted obstinately or frivolously . . . ." Tañon v. Muñiz, 312 F. Supp. 2d 143, 152 (D.P.R. 2004) (quoting P.R. R. Civ. P. 44.1(d)). "The term obstinate has been described by the courts as conduct which (1) forces an avoidable litigation, (2) needlessly prolongs it or (3) requires opposing party to engage in unnecessary efforts." Nuñez-Santiago v. Puerto Rico Elec. Power Authority, 206 F. Supp. 2d 231, 233 (D.P.R. 2002) (citing Dopp v. Pritzker, 38 F.3d 1239, 1253 (1st Cir. 1994); Newell Puerto Rico, Ltd. v. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994); Jarra Corp. v. Axxis Corp., 155 D.P.R. 764, 779 (2001); Blas Toledo v. Hosp. Guadalupe, 146 D.P.R.

CIVIL 07-1380 (JA)                              7

267, 335 (1998); Fernández-Mariño v. San Juan Cement Co., Inc., 118 D.P.R. 713, 718 (1987)).  "Even though the degree of the party's obstinacy is the most important factor in determining whether attorney's fees are warranted; other factors should be taken into consideration including the nature of the litigation, the difficulty of issues involved, and the efforts and abilities of the attorneys." Intimate Fashions, Inc. v. El Telar, Inc., 570 F. Supp. 2d 225, 231 (D.P.R. 2008) (citing Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 31 (1st Cir.2002)).  "If the court concludes that a party has been obstinate, the assessment of attorneys' fees and legal interest is mandatory." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 409 F. Supp.2d 94, 99 (D.P.R. 2006) (citing Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d at 31; Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico, Inc., 167 F.3d 1, 14 (1st Cir. 1999) (citing Dopp v. Pritzker, 38 F.3d at 1252)).

   In Colón v. Blades, ___ F. Supp. 2d ____, 2010 WL 2802172, * 2 (D.P.R. July 14, 2010) the defendant argued that he was entitled to attorney's fees because plaintiff's claims were factually frivolous, brought for improper purposes and obstinately maintained against him.  However, I found that plaintiff had not acted obstinately because: (1) the case involved complex issues of both facts and law, (2) plaintiff never delayed or demonstrated stubbornness in discovery, (3)

CIVIL 07-1380 (JA)                            8

plaintiff did not disregard any of the Court's orders, and (4) plaintiff never acted with temerity in settlement negotiations. Id. The defendant, however, asks me to reconsider my ruling. (Docket No. 238, at 8.) He argues that plaintiff's stubborn insistence in accusing him of the wrong doings of Martínez, Morgalo & Associates, Inc. and its partners, and his demand for $115,000-an amount in excess of the true balance owed by these defendants- constitutes temerity under the standards of Rule 44.1(d) and its interpretative jurisprudence. (Id.)

It is unequivocally clear that the defendant's argument does not warrant a reconsideration of my prior finding since it "simply brings a point of disagreement between the court and the litigant . . . ." López-Quinones v. Puerto Rico Nat. Guard, ___ F. Supp. 2d ____, 2010 WL 2222209, * 11 (D.P.R. May 26, 2010). It is well settled that "[a] motion for reconsideration . . . may not be used 'to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'" Moreno-Pérez v. Toledo-Dávila, 266 F.R.D. 46, 48 (D.P.R. 2010) (quoting Sánchez-Rodríguez v. Departamento de Corrección y Rehabilitación, 537 F. Supp.2d 295, 297 (D.P.R.2008) (quoting Nat'l Metal Finishing Co. v. BarclaysAm./Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990)). "A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not

CIVIL 07-1380 (JA)                                      9

previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." <u>Sánchez-Medina v. UNICCO Service Co.</u>, 265 F.R.D. 29, 33 (D.P.R. 2010) (quoting <u>Sánchez-Rodríguez v. Departamento de Corrección y Rehabilitación</u>, 537 F. Supp.2d 295, 297 (D.P.R.2008) (citing <u>Dodge v. Susquehanna Univ.</u>, 796 F. Supp. 829, 830 (M.D. Pa.1992)). Since none of these situations are present in this case in relation to the matter of attorney's fees, I find there is no reason to reconsider the prior finding.  Therefore, the defendant is not entitled to recover reasonable attorney's fees in the amount of $219,125.00.

## IV. CONCLUSION

For the reasons stated above, the defendant's Motion for Reconsideration and/or Alter or Amend Judgment is hereby GRANTED in part and DENIED in part. Accordingly, the motion is granted in part in that the defendant is awarded legal costs in the amount of $10,659.84.   The motion is otherwise denied.

At San Juan, Puerto Rico, this 1st day of September, 2010.

                                    S/JUSTO ARENAS
                            Chief United States Magistrate Judge