IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM ANTHONY COLÓN,<br><br>Plaintiff<br><br>v.<br><br>RUBÉN BLADES,<br>ROBERTO MORGALO, MARTÍNEZ,<br>MORGALO & ASSOCIATES,<br><br>Defendants<br><br>RUBÉN BLADES,<br><br>Cross-Plaintiff<br><br>v.<br><br>ROBERTO MORGALO, in his personal capacity, and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,<br><br>Cross-Defendants<br><br>ROBERT J. MORGALO,<br><br>Plaintiff<br><br>v.<br><br>RUBÉN BLADES, RUBÉN BLADES PRODUCTIONS, INC.,<br><br>Defendants | CIVIL 07-1380 (JA) |

STATEMENT OF REASONS IN SUPPORT
OF THE ENTRY OF PARTIAL JUDGMENT

CIVIL 07-1380 (JA)                                    2

On September 21, 2010, the United States Court of Appeals for the First Circuit, retaining jurisdiction, remanded the case for a statement of reasons in support of the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).[1]  The statement of reasons follows.

On March 23, 2010, the defendants Rubén Blades and Rubén Blades Productions, Inc., moved to dismiss plaintiff Roberto Morgalo's defamation claim for failing to answer and/or object to the second set of interrogatories.  (Docket No. 148.)  The motion was granted on March 31, 2010.  (Docket No. 154.)  (Attachment 1.)  The court dismissed the defamation claim for two reasons.  First, the court found that there was no just reason for Mr. Morgalo's delay in answering the second set of interrogatories served by Mr. Blades on January 22, 2010.  (Id. at 4.)  The second set of interrogatories was supposed to be answered by February 22, 2010.  (Id.)  However, Mr. Morgalo was given until March 20, 2010 to answer the interrogatories.  (Id.)  Despite being given an additional month to respond to the interrogatories, it was not until March 23, 2010 that Mr. Morgalo

---

[1] The defamation claim was originally filed by Mr. Morgalo on May 1, 2008 in the United States District Court for the Southern District of New York (Civil No. 08-cv-04079-LTS.)  (Docket Nos. 58 & 68.)  On August 12, 2008, Judge Laura Taylor Swain entered an order transferring the case to this district.  (Id.)  On September 4, 2008, the Clerk of this court was directed to consolidate the transferred case with the captioned case for all purposes including trial.  (Docket No. 68.)  However, the parties agreed and were informed that the cases were not merged as a result of the consolidation and that regardless of the outcome of each case, separate judgments were going to be entered.  (Docket Nos. 58-2, at 3, ¶ 7 & Docket No. 68.)

CIVIL 07-1380 (JA)                              3

finally answered Mr. Blades' second set of interrogatories. (Id. at 5.) Second, the answers to the interrogatories were incomplete, evasive and inadequate. (Id.) The second set of interrogatories contained forty-six (46) interrogatories. (Id.) Mr. Morgalo only answered nineteen (19). (Id.) According to Mr. Morgalo, the reason why he did not answer all of the interrogatories was because they exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1). (Id.) Nevertheless, the court found Mr. Morgalo's decision of selectively choosing which interrogatories to answer unjustified. (Id.) Mr. Morgalo neither objected to the interrogatories in a timely fashion nor did he request a protective order from the court. (Id. at 6-7.)

On April 13, 2010, Mr. Morgalo filed a motion for reconsideration. (Docket No. 167.) In essence, Mr. Morgalo argued that dismissal of the defamation claim was not appropriate because there was not a pattern of extreme behavior present in this case. (Id. at 5.) Nevertheless, the court found that Mr. Morgalo had repeatedly failed to comply with his discovery obligations. (Docket No. 177.) (Attachment 2.) As the record showed, on December 3, 2008, Mr. Morgalo was served with a first set of interrogatories and request for production of documents. (Id. at 5.) On March 20, 2009, Mr. Blades filed a motion to compel against Mr. Morgalo. (Id.) Mr. Blades' motion was granted on May 12, 2009. (Id.) The interrogatories were answered on May 18, 2009. (Id.) The answers served by

CIVIL 07-1380 (JA)                    4

Mr. Morgalo were incomplete.  (Id.)  The interrogatories were eventually supplemented on September 15, 2009 but the documents requested by Mr. Blades were not produced.  (Id.)  As a result, Mr. Blades filed a second motion to compel.  (Id.)  The motion was granted.  (Id.)  The court explained that the dismissal of the defamation claim had not been based on a single fault as Mr. Morgalo argued.  (Id. at 6.)  The court noted that even though there was not a written order compelling Mr. Morgalo to answer the second set of interrogatories it did not mean that he had the right to disregard his discovery obligations.  (Id.)  After being informed during the discovery hearing held on March 1, 2010, that Mr. Morgalo and Mr. Blades had agreed on a date to answer the interrogatories, the court expected that the self imposed deadline was going to be met.  (Id.)  The court found that it could not turn a blind eye to such litigation tactics because in doing so, the pace on how discovery should have proceeded would have been determined by Mr. Morgalo and not the court.  (Id. at 7.)  As to Mr. Morgalo's contention regarding the lack of notice before the defamation claim was dismissed, the court held that said warning was provided, albeit not as explicit as he might have wished, in the Opinion and Order of March 19, 2010.  (Id.)  Finally, the court concluded that if a lesser sanction had been imposed, it would have shrunk the court's duty to secure the just, speedy and inexpensive determination

CIVIL 07-1380 (JA)                                5

of the case.  (<u>Id.</u> at 8.)  Thus, since Mr. Morgalo failed to show any entitlement to the relief sought, the motion for reconsideration was denied.  (<u>Id.</u>)

       At San Juan, Puerto Rico, this 27th day of September, 2010.

                                      S/JUSTO ARENAS
                       Chief United States Magistrate Judge