IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBÉN BLADES,

Cross-Plaintiff

v.                                                          CIVIL 07-1380 (JA)

ROBERTO MORGALO, in his personal capacity, and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

## OPINION AND ORDER

This matter is before the court on motion to join pursuant to Federal Rules of Civil Procedure 17(a)(3) and 19, filed by cross-plaintiff, Rubén Blades, on September 8, 2010. (Docket No. 246.) The motion was opposed by cross-defendants Roberto Morgalo, in his personal capacity, and as owner and member of Martínez, Morgalo & Associates, LLC; Martínez, Morgalo & Associates, LLC, on September 9, 2010. (Docket No. 248.) Cross-defendants also filed a motion to alter or amend the order entered against their motion for summary judgment on September 9, 2010. (Docket No. 247.) For the reasons set forth below, cross-plaintiff's motion is hereby DENIED. The cross-defendants' motion is also DENIED.

## I. OVERVIEW

On September 2, 2010, this court issued an Opinion and Order denying cross-defendants' motion for summary judgment. Colón v. Blades, Civil No. 07-

CIVIL 07-1380 (JA)                             2

1380 (JA), 2010 WL 3490172 (D.P.R. Sept. 2, 2010). The court found that cross-plaintiff lacked standing to sue cross-defendants. Id. at *6. As a result, the court determined that Rubén Blades Productions, Inc. ("RBP"), not cross-plaintiff, was the real party in interest in this case. Id. Despite the court's findings the amended cross-claim was not dismissed and cross-plaintiff was allowed to amend the pleadings so that RBP may substitute him. (Id. at 19.) Notwithstanding the court's order, cross-plaintiff moves to join RBP as a co-plaintiff. (Docket No. 246.) According to plaintiff, RBP has to be joined in order to avoid a potential miscarriage of justice, and to obtain complete and final relief. (Id. at 2.) Cross-defendants, however, oppose cross-plaintiff's request. (Docket No. 247.) They argue that because it was determined that cross-plaintiff did not possess standing to sue, the court does not have the authority to allow cross-plaintiff to amend the pleadings. (Id. at 5, ¶ 10.) Cross-defendants further argue that even if it was assumed that the court had said authority, allowing an amendment to the pleadings would divest it of diversity jurisdiction because Mr. Morgalo and RBP are citizens of the State of Florida. (Id. at 6 & 7, ¶¶ 12-13.) Also, cross-defendants find that the court erred by stating in the Opinion and Order that allowing an amendment to the pleadings would not require re-opening discovery, create additional costs and make substantial changes to the course of the case. (Id. at 9, ¶ 17.) According to cross-defendants, allowing RBP to enter the case would not

CIVIL 07-1380 (JA)                                      3

only require them to conduct depositions and request additional documents but also it would multiply the litigation costs. (Id. at 9, ¶ 18 & at 10, ¶ 20.) Cross-defendants also claim that the court was mistaken in holding that an amendment to the pleadings would not cause any prejudice and that it would prevent subsequent similar actions against them. (Id. at 10, ¶ 21.) They argue that by allowing cross-plaintiff, who does not have standing to sue, to amend the pleadings would artificially keep alive a cause of action that is time barred and divested of diversity jurisdiction. (Id.) Moreover, cross-defendants argue that the court erred in stating that not including RBP originally as the real party in interest was an honest mistake. (Id. at 11, ¶ 23.) They claim that because cross-plaintiff did not even insinuate that such a mistake was made, the court was precluded from raising and/or accepting the affirmative defense. (Id.) Finally, cross-defendants request that if cross-plaintiff is allowed to amend the pleading, they should also be allowed to bring into the case Ariel Rivas, César Sainz, Rompeolas, Dissar Productions and Arturo Martínez as third-party defendants. (Id. at 12-13, ¶ 27.)

## II. ANALYSIS

A. Diversity Jurisdiction

"In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case." Colón

CIVIL 07-1380 (JA) 4

v. Blades, 570 F. Supp. 2d 204, 213 (D.P.R. 2008) (quoting Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22 (1st Cir. 2005)). In other words, diversity jurisdiction only exists when plaintiff and defendant are citizens of different states. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "The complete diversity rule 'is most inflexibly applied at the time of filing, for it has long been settled that "the jurisdiction of the court depends upon the state of things at the time of the action brought."'" Inter Am. Builders Agencies Co. v. Sta-Rite Indus., Inc., 602 F. Supp. 2d 306, 308 (D.P.R. 2009) (quoting In re Olympic Mills Corp., 477 F.3d 1, 8 (1st Cir. 2007) (quoting Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004)). Nevertheless, "[t]he postfiling context is more elastic." Id. "As a general matter, 'if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.'" Inter Am. Builders Agencies Co. v. Sta-Rite Indus., Inc., 602 F. Supp. 2d at 308 (quoting Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)).

On May 4, 2007, plaintiff, William Anthony Colón, filed a complaint against Mr. Blades. (Docket No. 1.) The complaint was later amended on April 29, 2009 to include Mr. Morgalo and MM&A as co-defendants. (Docket No. 45.) Mr. Colón alleged that he and Mr. Blades had agreed to give a concert in San Juan, Puerto Rico for a $350,000 fee to be evenly split between them. (Id. at 2, ¶ 9.) To manage the business aspects of the concert, Mr. Blades contracted the services

CIVIL 07-1380 (JA)                                    5

of MM&A and its partners Arturo Martínez and Mr. Morgalo.  (Id. at 2, ¶ 10.) According to plaintiff, the day before the concert Mr. Blades told him that Mr. Martínez had disappeared with their money. (Id. at 2-3, ¶ 13.) After hearing this, Mr. Colón told Mr. Blades that he was not going to perform at the concert. (Id. at 3, ¶ 14.)  However, Mr. Colón claimed that Mr. Blades allegedly told him that he was going to pay him so that the concert could go on as scheduled. (Id. at 3, ¶ 15.) Mr. Colón accepted Mr. Blades' offer and performed at the concert. (Id.)  As a result of the foregoing, Mr. Colón demanded from Mr. Blades, Mr. Morgalo and MM&A the $115,000 that was owed to him plus interest, costs and attorney's fees. (Id. at 3, ¶ 18.) On June 5, 2008, Mr. Blades filed a cross-claim against Mr. Morgalo and MM&A. (Docket No. 49.) The cross-claim was amended on July 29, 2008.  (Docket No. 56.)  The amended cross-claim is an action for damages that exceed $75,000, exclusive of interests, costs and attorney's fees. (Id. at 2, ¶ 1.)  In the amended cross-claim, Mr. Blades essentially alleges that Mr. Morgalo and MM&A engaged in fraud by failing to pay amounts owed in connection with the concert which is the subject matter of this case, conspiracy to defraud, breach of contract, and breach of fiduciary duties, and that they are liable vicariously and jointly and severally to him for damages, and in the event of adverse judgment, by way of indemnity and/or contribution in relation to the claims made against him in the original action. (Id.) On April 2, 2009, Mr. Blades

CIVIL 07-1380 (JA)                              6

moved for summary judgment for lack of subject matter jurisdiction.  (Docket No. 95.)  According to Mr. Blades, Mr. Colón's complaint had to be dismissed because the amount in controversy did not meet, nor exceed the jurisdictional amount of $75,000.  (Id.)  The court concluded that Mr. Colón had averred sufficient facts that indicated that his claim exceeded the jurisdictional amount required by 28 U.S.C. § 1332.  Colón v. Blades, Civil No. 07-1380 (JA), 2009 WL 2612523, at *6 (D.P.R. Aug. 21, 2009).  As a result, the motion for summary judgment was denied. Id.  On August 31, 2009, Mr. Blades moved for reconsideration.  (Docket No. 108.)  The motion was denied on October 14, 2009.  Colón v. Blades, Civil No. 07-1380 (JA), 2009 WL 3347627 (D.P.R. Oct. 14, 2009).  On May 6, 2010, Mr. Colón filed a motion requesting dismissal with prejudice of his claims against Mr. Blades, Mr. Morgalo and MM&A pursuant to Federal Rule of Civil Procedure 41(a)(2).  (Docket No. 188.)  Mr. Colón's motion for voluntary dismissal was granted the following date.  (Docket No. 193.)  On June 17, 2010, default judgment was entered in favor of Mr. Blades and against MM&A in the amount of $133,168.16 plus interest.  (Docket  Nos. 228 & 229.)

  Based on the foregoing, it is evident that at the time that this case commenced complete diversity existed.  Thus, the amended cross-claim filed by Mr. Blades against Mr. Morgalo and MM&A falls "within the ancillary jurisdiction of the court and need not present independent grounds of federal jurisdiction."  6

CIVIL 07-1380 (JA)                              7

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1433 (3d ed. 2010); see Atl. Corp. v. United States, 311 F.2d 907, 910 (1st Cir. 1962) (holding that ancillary jurisdiction may exist even if all the parties to a cross-claim are citizens of the same state).  Furthermore, the court finds that Mr. Blades, at the time the amended cross-claim was filed, had the right to proceed with his claims against Mr. Morgalo and MM&A because they arise "out of the [same] transaction or occurrence that is the subject matter of the original action . . . [and/or] relates to [the] property that is the subject matter of the original action." Balerna v. Gilberti, 266 F.R.D. 42, 45 (D. Mass. 2010) (quoting Fed. R. Civ. P. 13(g)).  It is important to note that "[t]he general policy behind allowing cross-claims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." Balerna v. Gilberti, 266 F.R.D. at 45 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1431 (2d ed. 1990)).  After Mr. Colón voluntarily dismissed his claims against Mr. Blades, Mr. Morgalo and MM&A, the court had authority to decide whether or not it would entertain the amended cross-claim, which in this case it decided to do even though jurisdiction would not have existed if the amended cross-claim would have been brought as an independent action.  See 6 Charles Alan Wright,

CIVIL 07-1380 (JA)                            8

Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1433 (3 ed. 2010).

     B.  Subject Matter Jurisdiction

     Mr. Morgalo argues that because it was determined that Mr. Blades lacked standing to sue, the court has no jurisdiction to enter into the merits of the case, much less to allow Mr. Blades to amend the pleadings.  (Docket No. 247, at 2.) The only thing that, according to Mr. Morgalo, the court can do is dismiss the amended cross-claim.  (Id.)  The court disagrees.  It is correct that "[i]f a plaintiff lacks standing to bring a matter before a court, the court lacks jurisdiction to decide the merits of the underlying case." Orta-Rivera v. Congress of U.S. of Am., 338 F. Supp. 2d 272, 276 (D.P.R. 2004) (citing United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992)).  However, this does not mean that dismissal is warranted and that the court has no authority to allow an amendment to the pleadings.  See Benítez-Bithorn v. Rosselló-González, 200 F. Supp. 2d 26, 31 -32 (D.P.R. 2002) (holding that even if a party lacks standing to sue or be sued, the court cannot dismiss on said ground pursuant to Federal Rule of Civil Procedure 17(a)); Esposito v. United States, 368 F.3d 1271, 1274-75 (10th Cir. 2004). Rule 17(a)(3) of the Federal Rules of Civil Procedure  provides that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify

CIVIL 07-1380 (JA)                              9

> join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Colón v. Blades, Civ. No. 97-1380 (JA), 2010 WL 3490172, at *6 (D.P.R. Sept. 2, 2010) (quoting Fed. R. Civ. P. 17(a)(3)).  It is clear, therefore, that the only way that the court can decide the merits of the amended cross-claim is by allowing Mr. Blades to amend the pleadings so that RBP may substitute him as the real party in interest.  To rule otherwise would defeat the purpose behind Federal Rule of Civil Procedure 17(a).  Id. (quoting Pabón-Lugo v. MONY Life Ins. Co. of Am., 465 F. Supp. 2d 123, 128 (D.P.R. 2006) (quoting Prevor-Mayorsohn Carribean, Inc. v. P.R. Marine Mgmt. Inc., 620 F.2d 1, 4 (1st Cir. 1980)).

Also, in this case the cross-defendants mistake the issue of prudential standing with constitutional standing related to Article III's jurisdictional doctrine of standing.  A party has constitutional standing when it has suffered an "injury in fact" that is "causally connected to the challenged conduct" and is "capable of being remedied through suit." Fideicomiso de la Tierra del Caño Martín Peña v. Fortuño, 604 F.3d 7, 16 (1st Cir. 2010) (citing Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006) (citing Luján v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  "The burden of stating facts sufficient to support standing rests with the party seeking to assert federal jurisdiction." Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009) (quoting Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54

CIVIL 07-1380 (JA)                              10

(1st Cir. 1998)).  As applied here, the plaintiff has made a sufficient showing to demonstrate standing to sue in federal court.

The actual question at hand is one of prudential standing.  "Some courts have described Rule 17's real-party-in-interest requirement as essentially a codification of this nonconstitutional, prudential limitation on standing." Rawoof v. Texor Petroleum Co., 521 F.3d 750, 757 (7th Cir. 2008) (citing Warnick v. Yassian (In re Rodeo Canon Dev. Corp.), 362 F.3d 603, 607-08 (9th Cir. 2004) (withdrawn on other grounds); Ensley v. Cody Res., Inc., 171 F.3d 315, 320 (5th Cir. 1999)).  Specifically, the Supreme Court has held that Federal Rules of Civil Procedure 17(a) and 19 address party joinder, not federal-court subject-matter jurisdiction. Lincoln Prop. Co. v. Roche, 546 U.S. at 90.  The prudential standing doctrine is not jurisdictional in the manner that Article III standing is. Rawoof v. Texor Petroleum Co., 521 F.3d at 756.  An important distinction is that "if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised[.]" Id. (quoting MainStreet Realtors Org. of Realtors v. Calumet City, Ill., 505 F.3d 742, 747 (7th Cir. 2007)); City of L.A. v. Cnty. of Kern, 581 F.3d 841, 844-46 (9th Cir. 2009).  However, "'nonconstitutional lack of standing belongs to an intermediate class of cases in which a court can notice an error and reverse on the basis of it even though no party has noticed it and the error is not jurisdictional, at least in the conventional

CIVIL 07-1380 (JA)                                        11

sense." MainStreet Org. of Realtors v. Calumet City, Ill., 505 F3d at 747. Because this is not a challenge to the Article III standing, but the prudential "non-constitutional" standing of the cross-plaintiff, the court is not obliged to dismiss this complaint for lack of standing and thus lack of subject matter jurisdiction. This simple fact undercuts the cross-defendants' entire argument and renders it moot.

C. Amendment to the Pleadings

The cross-defendants argue that amending the pleadings at this point in the proceedings would prejudice the cross-defendants, re-open discovery, create additional costs and make substantial changes to the course of the case. The court disagrees. "Amendments substituting new plaintiffs are liberally allowed where the new plaintiff is the real party in interest, or where because of a mistake as to capacity the wrong party-plaintiff was named." Cape Ann Investors, LLC v. Lepone, 171 F. Supp. 2d 22, 29 n.10 (D. Mass. 2001) (citing 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1501 (3d ed. 2010)). The cross-defendants claim that allowing the pleadings to be amended to allow the substitution of RBP would prejudice them. However, taking a deposition of an available party does not amount to prejudice. See Rawoof v. Texor, 521 F.3d at 754 (holding that a substitution would cause prejudice where a corporate-officer deposition could not take place due to the

death of the corporate officer). An increase in costs or travel time also does not amount to prejudice. There is also no prejudice due to the case being kept artificially alive, as the cross-defendants claim, because the basis of their legal arguments are not supported by the law. "Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Candelario del Moral v. UBS Fin. Servs. Inc. of P.R., 703 F. Supp. 2d 79, 81 (D.P.R. 2010) (quoting F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The cross-defendants have not shown a manifest error of law or presented any newly discovered evidence. As well, Rule 59(e) motions are not to be used by parties who simply disagree with a court's decision. Jiménez v. Amgen Mfg. Ltd., 695 F. Supp. 2d 5, 7 (D.P.R. 2010). Here, the cross-defendants simply disagree with the courts findings.

Cross-plaintiff also seeks to join RBP as a party to this action. However, this court has previously determined that RBP, as the real party in interest, is an appropriate party to this action and Rubén Blades is not because he lacked prudential standing to sue. Colón v. Blades, 2010 WL 3490172, at *7. Rubén Blades is still not the real party in interest in this action. It does not appear that there is a particular injury that Rubén Blades has suffered that is distinguishable

CIVIL 07-1380 (JA)                              13

from that which RBP has suffered.  As a substituted party and the real party in interest, RBP will be able to pursue all claims originally brought by Rubén Blades. Rubén Blades has not shown that he is a required party who must be joined because the court can not otherwise accord complete relief between existing parties.  See Fed. R. Civ. P. 19(a)(1)(A).  Nor will Rubén Blades' absence from this action impair or impede his ability to protect his interest.  See Fed. R. Civ. P. 19(a)(1)(B)(i).  Similarly, Rubén Blades will not be subject to a substantial risk of incurring multiple or inconsistent obligations because of his claimed interest relating to the subject of the action.  See Fed. R. Civ. P. 19(a)(1)(B)(ii).  In truth, it is not apparent to this court why Rubén Blades should remain as a party to this action at all.  RBP is able to pursue all claims with no prejudice at all to Rubén Blades.  In this situation, substitution of the parties is proper.

Cross-defendant also relies on the argument that the court can not raise or accept affirmative defenses that a party has not raised on its own.  In this case, the cross-defendants claim that the court is invoking the honest mistake doctrine on behalf of the cross-plaintiff.  Cross-defendants believe that bringing this action under Rubén Blades, as opposed to RBP, was a calculated judgment call and not an honest mistake or inadvertent error, citing Rubén Blades' law degrees from prestigious academic institutions.  In reality, there is no advantage that the cross-plaintiff gained by bringing the suit as Rubén Blades as opposed to RBP.  This

CIVIL 07-1380 (JA)                              14

error was not made in bad faith as the cross-defendants allude to without any substantive legal argument or evidence.  Also, the cross-plaintiff still contends that Rubén Blades is in fact the real party in interest.  That this is their belief indicates that bringing this action under Rubén Blades was not done in bad faith.  And while it is true that the cross-plaintiff has not claimed that naming Rubén Blades instead of RBP was an honest mistake or inadvertent error, this does not preclude naming Rubén Blades instead of RBP from being an honest mistake or inadvertent error. While an error was made by the cross-plaintiff, Rule 17(a) is a means of avoiding injustice when a good faith error has been made. Caribbean Parts Agency, Inc. v. Hastings Mfg. Co., 262 F.R.D. 88, 92 (D.P.R. 2009) (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1555 (2d ed. 2008)).  Perhaps most importantly, motions under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." Candelario del Moral v. UBS Fin. Servs., 703 F. Supp. 2d at 81 (citations omitted).  Again, "[a] motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 326 (D.P.R. 2005) (citing Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994)).  The cross-defendants simply disagree with the court.

     D.  Third-Party Defendants

CIVIL 07-1380 (JA)                                      15

The cross-defendants also argue that if the cross-plaintiff is allowed to amend the pleadings that the cross-defendants should in turn be allowed to add Ariel Rivas, César Sainz, Rompeolas, Dissar productions and Arturo Martínez. There is no legal precedent to support this position. This argument offered by the cross-defendants re-asserts their belief that Arturo Martínez is an indispensable party and that by not allowing the cross-defendants to bring in these third parties, the court will be committing a great injustice and further prejudicing the cross-defendants with this joinder.  This is another instance where the cross-defendants are using their Rule 59(e) motion to disagree with this court. This is an improper use of a Rule 59(e) motion. Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 326.  No new evidence has been cited and nothing more than conclusory statements are made, again with no support, in a futile attempt to show that a manifest error was made by this court.

### III.  CONCLUSION

For the reasons set forth above, cross-plaintiff's motion to join is hereby DENIED.  For the reasons set forth above, cross-defendants' motion to alter or amend judgment is also DENIED.

At San Juan, Puerto Rico, this 21st day of October, 2010.

                                                    S/JUSTO ARENAS
                                  Chief United States Magistrate Judge