IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM ANTHONY COLÓN,<br><br>Plaintiff<br><br>v.<br><br>RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ, MORGALO & ASSOCIATES,<br><br>Defendants<br><br>RUBÉN BLADES,<br><br>Cross-Plaintiff<br><br>v.<br><br>ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,<br><br>Cross-Defendants | CIVIL 07-1380 (JA) |

## OPINION AND ORDER

Cross-plaintiff Rubén Blades moves this court for reconsideration of my opinion and order filed on October 21, 2010. (Docket No. 257.) For the reasons set forth below, cross-plaintiff's motion is DENIED.

CIVIL 07-1380 (JA)                                          2

## PROCEDURAL BACKGROUND

Cross-plaintiff Rubén Blades ("Blades") moves this court for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), (Docket No. 258), of my opinion and order filed on October 21, 2010. (Docket No. 257.) In that order I denied the request to join Blades and his company Rubén Blades Productions, Inc. ("RBP") as co-plaintiffs. In finding that Blades was not a real party in interest, I concluded that RBP would "be able to pursue all claims with no prejudice at all to Rubén Blades." (Docket No. 257, at 13:16-17.) In his motion for reconsideration, Blades presents three arguments: first, that Blades is in fact an indispensable party, whose rights may not be fully adjudicated if substituted as a party by RBP; second, that collateral estoppel precludes any attempt at substituting Blades with RBP; and finally, that the doctrine of "the law of the case" requires that I maintain consistency in my rulings, namely, that my June 17, 2010 opinion awarding of $133,168.16 to Blades precludes any substitution. (Docket Nos. 258 & 229.)

## STANDARD OF REVIEW

"Although the Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, depending on the time it is served, it 'may be entertained either as . . . (1) a motion to alter or amend judgment pursuant to Rule 59(e) Fed. R. Civ. P. or (2) a motion for relief from judgment under Rule 60 Fed. R. Civ. P.'" Rosario-Méndez v. Hewlett Packard Caribe, 660

CIVIL 07-1380 (JA)                              3

F. Supp. 2d 229, 232 (D.P.R. 2009) (quoting Lozano v. Corona, 186 F. Supp. 2d 77, 79 (D.P.R. 2002)); see, e.g., Colón v. Blades, Slip Copy, Civil No. 07-1380 (JA), 2009 WL 3347627, at *1 (D.P.R. Oct. 14, 2009). "Fed. R. Civ. P. 59(e) allows a party, within [28] days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion." Candelario del Moral v. UBS Fin. Servs. Inc. of P.R., 703 F. Supp. 2d 79, 81 (D.P.R. Apr. 9, 2010) (citing Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004)); see Fed. R. Civ. P. 59(e) (West 2010); Rodríguez-Rivas v. Police Dep't of P.R., 699 F. Supp. 2d 397, 400 (D.P.R. 2010). "Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cintrón v. Pavía Hato Rey Hosp., 598 F. Supp. 2d 238, 241 (D.P.R. 2009) (quoting F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). "Rule 59(e) may not, however, be used to raise argument that could and should have been presented before judgment was entered, nor to advance new legal theories." Cintrón v. Pavía Hato Rey Hosp., 598 F. Supp. 2d at 241 (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003)).

CIVIL 07-1380 (JA)                              4

## ANALYSIS

Blades submits that "a substantial right of [his] will be lost" should I not reconsider my denial of Joinder. (Docket No. 258, at 4.) What that right is, Blades does not highlight. Rather, he rests his argument on the belief that litigation in federal courts presumes "that the correct parties were named when the action was filed." (Id. at 5.) As I discussed in my September 2, 2010 ruling, Blades has no particularized injury that requires he remain in this case in his individual capacity. Colón v. Blades, Slip Copy, Civil 07-1380 (JA), 2010 WL 3490172, at *7 (D.P.R. Sept. 2, 2010). Blades is the sole shareholder in RBP. He conducted all his business through RBP. "As a general rule 'shareholders . . . do not have standing to sue in their personal capacities unless the alleged misconduct causes harm to them separate and distinct from the injury inflicted upon the . . . corporation.'" Id. (quoting Pagán v. Calderón, 448 F.3d 16, 29 (1st Cir. 2006)).

Federal Rule of Civil Procedure 25(c) governs issues of substitution. Rule 25(c) is a "procedural vehicle," designed not to recalibrate the relationships amongst the parties, but rather because the transferee "is brought into court solely because it [owns] the property in issue." Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003). In this case, the property is the debt owed by MM&A, which belongs to RBP, not Blades. As Rule 25(c) is a "discretionary

CIVIL 07-1380 (JA)                                    5

determination" by this court, designed to "facilitate the conduct of the litigation" and does not alter the substantive rights of the parties, I find that joinder is improper. Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 32 (1st Cir. 2004) (quoting Maysonet-Robles v. Cabrero, 323 F.3d at 49). Blades fails to meet the "clear error" threshold required for Rule 59(e) reconsideration.

Similarly, collateral estoppel is not at issue. As I stated in my September 2 opinion, "there is nothing that might suggest that the injury allegedly suffered by cross-plaintiff is separate and distinct from any injury that RBP might have also suffered as a result of cross-defendants' actions." Colón v. Blades, Slip Copy, Civil 07-1380 (JA), 2010 WL 3490172, at *7. The cross-plaintiff has submitted no evidence of any particularized injury that cannot be adequately represented by RBP, and so collateral estoppel does not apply.

Finally, Blades relies on my June 17, 2010 ruling to conclude that "the law of the case" precludes substitution as inconsistent with my prior rulings. (Docket 258, at 6-7.) The concept behind "law of the case" flows from the concern that disregarding an earlier ruling in a case should not result in prejudice to a party. In this case, as the cross-plaintiff envisions, "prejudice" refers to law of notice that my prior ruling in favor of Blades is not controlling. But as stated, there is no such inconsistency. Substituting RBP for Blades in no way renders my prior rulings inconsistent. This substitution is merely a remedy for the incorrect party

CIVIL 07-1380 (JA)                             6

to the lawsuit.  See <u>Colón v. Blades</u>, Slip Copy, Civil 07-1380 (JA), 2010 WL 3490172, at *7 (citing 6A Charles Alan Write & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1542 (3d ed. 1990)).  Therefore the motion for reconsideration is denied.

    At San Juan, Puerto Rico, this 22d day of December, 2010.

                                    S/ JUSTO ARENAS
                        Chief United States Magistrate Judge