IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM ANTHONY COLON, <br><br> Plaintiff <br><br> v. <br><br> RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ, MORGALO & ASSOCIATES, <br><br> Defendants <br><br> RUBÉN BLADES, <br><br> Cross-Plaintiff <br><br> v. <br><br> ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC, <br><br> Cross-Defendants | CIVIL 07-1380 (JA) |

OPINION AND ORDER

The matter before this court is plaintiff William Colón's motion for reconsideration (Docket No. 249) of my ruling on September 1, 2010 (Docket No. 244), granting defendant Rubén Blades' motion for reconsideration of my July 14, 2010 (Docket No. 235) denial of his motion for costs and attorneys' fees. (Docket

CIVIL 07-1380 (JA)                                        2

No. 221.)  For the reasons set forth below, plaintiff's motion is GRANTED in part and DENIED in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff moves for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of the Opinion and Order issued on September 1, 2010. (Docket Nos. 244 & 249.)  This motion is a reconsideration of a *previous* motion for reconsideration made by the defendants. (Docket No. 235.) In my July 14, 2010 opinion and order, I denied the defendants' motion for costs and attorneys' fees. (Id.)

In my September 1, 2010 opinion and order, I granted defendant William Colón's reconsideration motion for costs in the amount of $10,659.84, and denied his request for attorney's fees in the amount of $219,125. (Docket No. 244.) The defendants successfully impressed upon me that in voluntarily withdrawing his complaint, the plaintiff became the unsuccessful party.  This entitled the defendants to recover their legal costs.  Plaintiff William Colón stresses three issues in his motion for reconsideration:  first, that this court's May 7, 2010 ruling, granting plaintiff's motion to dismiss his claims, as well as permitting postponement of any fees until after judgment, effectively gave plaintiff leave from filing any motions on the matter until after trial; second, that defendant "should not be allowed to recover costs just because it is technically the prevailing

CIVIL 07-1380 (JA) 3

party"; and third, the amount awarded is not a fair appropriation of costs. (Docket No. 249.) Plaintiff seeks this court's reconsideration in awarding costs to the defendant in the amount of $10,659.84. (Id.)

## STANDARD OF REVIEW

"Although the Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, depending on the time it is served, it 'may be entertained either as . . . (1) a motion to alter or amend judgment pursuant to Rule 59(e) Fed. R. Civ. P. or (2) a motion for relief from judgment under Rule 60 Fed. R. Civ. P.'" Rosario-Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009) (quoting Lozano v. Corona, 186 F. Supp. 2d 77, 79 (D.P.R. 2002); see, e.g., Colon v. Blades, Slip Copy, Civil 07-1380, 2009 WL 3347627, at *1 & 2 (D.P.R. Oct. 14, 2009). "Fed. R. Civ. P. 59(e) allows a party, within [28] days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion." Candelario del Moral v. UBS Fin. Servs. Inc. of P.R., 703 F. Supp. 2d 79, 81 (D.P.R. 2010) (citing Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004)); see Fed. R. Civ. P. 59(e) (West 2010); Rodríguez-Rivas v. Police Dep't of P.R., 699 F. Supp. 2d 397, 400 (D.P.R. 2010). "Despite the lack of specific guidance by the rule on that point, the

CIVIL 07-1380 (JA)                            4


First Circuit has stated that a Rule 59(e) motion 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cintrón v. Pavía Hato Rey Hosp., 598 F. Supp. 2d 238, 241 (D.P.R. 2009) (quoting F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). "Rule 59(e) may not, however, be used to raise argument that could and should have been presented before judgment was entered, nor to advance new legal theories." Cintrón v. Pavía Hato Rey Hosp., 598 F. Supp. 2d at 241 (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003)).

## ANALYSIS

Plaintiff's initial argument concerns his opportunity to respond to defendant's motion for costs. (Docket 249.) Significantly, plaintiff seeks protection under my order of May 9, 2010. (Id. at 2.) ("The issue of attorney's fees and costs will not be considered until after trial." (Docket No. 196.)) According to Plaintiff, he was "under no obligation to respond" to defendant's motion for reconsideration, as defendant's motion "was merely an early filing of a memorandum that would not become due until after trial." (Docket 249, at 2.)

Defendant counters that plaintiff did not timely raise this argument. "[Plaintiff's] arguments could have and should have been timely raised during the proceedings but were not." (Docket 254, at 2.) Defendant contends that because

CIVIL 07-1380 (JA)                               5

the plaintiff chose to ignore filing any opposition to either the initial motion for costs or the motion for reconsideration, he cannot avail himself of any defense after this court has ruled.

I agree. Between the defendant's initial motion for costs on June 1, 2010, and plaintiff's initial motion for reconsideration on September 15, 2010, plaintiff remained silent. Only after I vacated the prior order and awarded costs to defendant was plaintiff heard from. "[T]he First Circuit has stated that a Rule 59(e) motion 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Cintrón v. Pavía Hato Rey Hosp., 598 F. Supp. 2d at 241 (quoting F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C. v. Meyer, 781 F.2d at 1268). I find no such manifest error. Plaintiff relies upon the Opinion and Order of May 9, 2010 to explain his own benign lethargy. There was more than sufficient ambiguity in the motion to dismiss and the subsequent order granting said motion to put plaintiff on notice of his need to protect his rights[1]. As it stands, plaintiff should not be allowed to gain advantage based upon his narrow focus. "[B]etter three hours too soon, than a minute too late." William Shakespeare, The Merry Wives of Windsor, act 2, sc. 2.

---

[1] Plaintiff requested, in part, that the court postpone the consideration for defendant's request for fees and expenses until after judgment is entered. (Docket 194, at 2.) In granting the request, I concluded that "[t]he issue of attorney's fees and costs will not be considered until after trial." (Docket 196.)

CIVIL 07-1380 (JA)                              6

Plaintiff also requests that I reconsider the calculus in awarding defendant the sum of $10,659.84.  In particular, plaintiff cites a number of charges he considers unfairly ambiguous or unnecessarily awarded.  (Docket 249, at 3-4.) Significant to plaintiff are "costs for airline tickets to Panama, meals (!) and "miscellaneous" (!!)[.]"  (Id. at 4.)

This issue should have been raised in opposition to previous motions for costs.  That being said, plaintiff's claim is not without merit.  If costs were necessarily incurred relating to this matter, costs may properly be awarded. Peguero-Moronta v. Gabriel-Santiago, Civil 01-1390, 2010 WL 1444863, at *3 (D.P.R. Apr. 8, 2010) (citing 28 U.S.C. § 1920; Riofrío Anda v. Ralston Purina Co., 772 F. Supp. 46, 55 (D.P.R. 1991)).  Plaintiff's contentions may be split into three categories:  depositions, airfare, and "miscellaneous expenses."  I address each.

"There is general agreement that the expenses of a deposition may be taxed as costs when it was received in evidence . . . . "  10 The Late Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2676 (3d ed. 1998).  When depositions are not used at trial due to the termination of the action before trial, the question is whether the depositions seemed reasonably necessary at the time they were taken.  Id.  Defendant lists three depositions in his expense sheet.  Each appears reasonably necessary at the time, as defendant

CIVIL 07-1380 (JA)                              7

had no predilection that plaintiff would dismiss his claims shortly before trial. Thus those expenses incurred in taking the depositions may be taxed as costs.

Plaintiff also takes issue with the airfare associated with these depositions. "If [attorneys' travel and accommodations] were necessarily incurred in this matter, we may properly award these as out-of-pocket expenses." Peguero-Moronta v. Gabriel-Santiago, Civil 01-1390 2010 WL 1444863 at *3 (citing Palmigniano v. Garrahy, 707 F.2d 636, 637 (1st Cir. 1983) (rejecting the argument that attorney travel and accommodation expenses are not recoverable)). Here, the flights to Panamá and Georgia, as well as the associated lodging, were necessary to depose the witnesses in this case. As such, I find that all airfare and lodging may be taxed as costs.

Finally, plaintiff submits that defendant lists some charges that are too ambiguous to properly be taxed as costs, among them charges of "miscellaneous," "miscellaneous practice," and "meals and miscellaneous." I agree. To be recoverable as a part of costs, a disbursement must be shown to have been made in connection with the case. 28 U.S.C. § 1924; see, e.g., McInnis v. Town of Weston, 458 F. Supp. 2d 7, 22 (D. Conn. 2006). Litigation costs cannot be listed as "miscellaneous" and expect to be recoverable at the conclusion of this trial. Wahl v. Carrier Mfg. Co., 511 F.2d 209, 216 (7th Cir. 1975) (listing a cost as "miscellaneous disbursements" is an inadequate basis for allowing costs because

CIVIL 07-1380 (JA)                              8

it "shows [not] the amount of the individual expenditures".)  Therefore, I will reduce the costs awarded by $840.03, to $9,819.81.

Finally, plaintiff's claim that he is not the correct party to be assigned costs is without merit.  Plaintiff sued defendant; defendant prepared a defense, at a cost to itself.  Plaintiff's voluntary dismissal made the defendant the prevailing party. Me. Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 16 (1st Cir. 2003) (holding that "[a] triumphant defendant may qualify as a prevailing party for the purpose of obtaining a fee award."); see also 10 The Late Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2667 (3d ed. 1998.) Thus, plaintiff is entitled to recover costs.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for reconsideration is hereby GRANTED in part and DENIED in part.  Accordingly, the defendant's award is reduced to $9,819.81.  The motion is otherwise denied.

At San Juan, Puerto Rico, this 22d day of December, 2010

                                        S/ JUSTO ARENAS
                            Chief United States Magistrate Judge