IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM ANTHONY COLÓN,

Plaintiff

v.

RUBÉN BLADES, ROBERTO MORGALO, MARTÍNEZ, MORGALO & ASSOCIATES,

Defendants

RUBÉN BLADES,

Cross-Plaintiff

v.

ROBERT MORGALO, in his personal capacity and as owner and member of MARTÍNEZ, MORGALO & ASSOCIATES, LLC; MARTÍNEZ, MORGALO & ASSOCIATES, LLC,

Cross-Defendants

CIVIL 07-1380 (JA)

OPINION AND ORDER

The matter before me is cross-plaintiff Rubén Blades' cross-motion for summary judgment against Robert Morgalo filed July 13, 2010. (Docket No. 234.) The cross-plaintiff seeks summary judgment as to the first cause of action in his

CIVIL 07-1380 (JA)                                  2

amended claim.  For the reasons set forth below, cross-plaintiff's motion is DENIED.

## PROCEDURAL BACKGROUND

Cross-plaintiff Blades moves for summary judgment pursuant to Federal Rules of Civil Procedure 56. (Docket No. 234.) Blades filed an amended cross-claim against Robert Morgalo and Martínez, Morgalo and Associates, LLC, on July 29, 2008. (Docket No. 56.) Among other claims, Blades alleged that Morgalo, both in his individual and official capacities, breached their contract and his fiduciary duty to Blades. (Id. at ¶¶ 30-37.) Blades sought compensatory damages in the sum of $143,000. On March 1, 2010, Blades filed a motion for default judgment. (Docket No. 133.) On June 15, 2010, I entered an opinion and order granting this motion against Martínez, Morgalo & Associates, awarding damages in the amount of $133,168.16. Colón v. Blades, 717 F. Supp. 2d 175, 187 (D.P.R. 2010). In the present motion, Blades seeks summary judgment against Morgalo in his individual capacity, citing the same breach of contract and breach of fiduciary duty. (Docket No. 234.) Blades also filed a memorandum of law. (Docket No. 234-1.)

## DISCUSSION

Cross-plaintiff Rubén Blades seeks summary judgment on count one of his amended complaint against cross-defendant Robert Morgalo, alleging breach of

CIVIL 07-1380 (JA)                              3

contract and fiduciary duty.  (Docket No. 56, at ¶ 30-37.)  The cross-plaintiff seeks redress from cross-defendant Morgalo in his individual capacity as owner and member of Martínez Morgalo & Associates ("MM&A").  He argues that I should pierce MM&A's corporate shield and hold Morgalo jointly and severally liable for damages and fees.  (Docket No. 56, at ¶ 37.)

Blades submits that cross-defendant Morgalo is but an alter ego of MM&A. (Docket No. 234-1, at 12-13.)  In support, he draws from Morgalo's deposition, illustrating his belief that Morgalo did not observe corporate formalities.  Among the passages selected:

> basically, Arturo and I are the two (2) shareholders, and we sit in the same office every single day.  And we are talking every day.  And we are discussing, um, the business every day. [...] There was no need for a stipulated date of board meetings, when we had meetings every single day.
>
> [Dep. Morgalo at 37:1-6]
>
> At whatever time that we discussed anything . . . .
>
> [Dep. Morgalo at 37:9-10]
>
> We had a great ... This system is ... Okay?  Is, like, I'd call to Arturo and say "hey, man, we need to sit down and talk" "What's good for you?" "Oh, right now".  I'd say "okay".  Boom, there you go.  It's a very, very ... It's not too complicated but it's very effective."
>
> [Dep. Morgalo at 38:2-6]

(Docket No. 234-1, at 13.)

CIVIL 07-1380 (JA)                          4

Cross-plaintiff concludes by stating "[a]ll of [the] factors [in deciding whether to disregard corporate formality] are present here, especially Morgalo's control of corporate affairs, undercapitalization of MM&A by the end of 2002, nonobservance of corporate formalities, personal guarantees of Morgalo for obligations of MM&A (loans) and management of the corporation without regard to its independent existence." (Docket 234-1, at 14.)

Under Puerto Rico law there is a presumption that a corporate entity is separate from its controlling entity. Milán v. Centennial Commc'ns Corp., 500 F. Supp. 2d 14, 26 (D.P.R. 2007) (quoting Fleming v. Toa Alta Dev. Corp., 96 D.P.R. 240, 243 (1968)). "Corporate directors, officers, and shareholders are generally not liable for the debts of the corporation." Wadsworth, Inc. v. Schwarz-Nin, 951 F. Supp. 314, 322 (D.P.R. 1996). "As a rule, this shield will almost never be dismantled." Id. This distinctness can be erased however, through piercing the corporate veil. "Where the directors or officers use the corporation to commit fraud, courts will "pierce the corporate veil" and hold those officers or directors personally liable." Id. at 322 (citing South Porto Rico Sugar Corp. v. Junta Azucarera, 88 D.P.R. 43 (1963)).

This court has listed several factors in deciding whether to pierce the corporate veil. Factors frequently considered "are undercapitalization, nonpayment of dividends, nonfunctioning officers and directors, failure to observe

CIVIL 07-1380 (JA)                              5

corporate formalities, absence of corporate records, commingling of funds, and use of corporate funds for non-corporate purposes." United States v. JG-24, Inc., 331 F. Supp. 2d 14, 63 (D.P.R. 2004) (citing Satellite Broad. Cable v. Telefónica de España, 786 F. Supp. 1089, 1102 (D.P.R. 1992).  The First Circuit has listed additional factors of corporate insolvency at the time of litigation, the use of the corporation in committing fraud, and the siphoning of corporate funds by the dominant shareholders. Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985).

There is no evidence that Morgalo committed fraud.  A defendant must allege and subsequently prove a set of facts sufficient to warrant the pierce. See, e.g., Mitsubishi Caterpillar Forklift Am., Inc. v. Superior Serv. Assocs. Inc., 81 F. Supp. 2d 101, 112-13 (D. Me. 1999).  Cross-plaintiff submits no proof of fraud before this court; rather, he summarily draws this conclusion from a single deposition.  Further reading of Morgalo's deposition reveals that, quite the opposite, MM&A *did* keep many of the corporate formalities.  MM&A held annual shareholders meetings (Docket No. 234-5, at 38-39, Morgalo's deposition), held business meetings exclusively at the office (id. at 38), kept business and personal taxes separate (id. at 40), had independent companies keep their books (id.), and issued shares of stock.  (Id. at 41.)  Cross-plaintiff fails to point this court to anywhere in the record with evidence that MM&A or Morgalo committed fraud.  "A

CIVIL 07-1380 (JA)                                    6

plaintiff hoping to persuade a court to pierce the corporate veil must establish that the directors acted with intent to defraud and that the creditor cannot collect from the corporate the debt owed them." Wadsworth, Inc. v. Schwarz-Nin, 951 F. Supp. at 322.  Indeed, even "[o]ne-person corporations are authorized by law and should not lightly be labeled sham." Nelson v. Adams USA, Inc., 529 U.S. 460, 471 (2000).

In order to grant a motion for summary judgment, a genuine issue must not exist.  "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party . . . . " Burke v. Town of Walpole, 405 F.3d 66, 75 (1st Cir. 2005).  "[A]ll justifiable inferences are to be drawn in [the non-movant's] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Cross-plaintiff fails to remove any doubt that no genuine issue of fact exists as to fraud perpetrated by the cross-defendant.  As such, I cannot grant the cross-plaintiff's motion for summary judgment.

## JOINT AND SEVERAL LIABILITY

The cross-plaintiff also moves that cross-defendant Morgalo be joint and severally liable for the debts owed to Rubén Blades Productions.  This claim is without merit.  As discussed above, I cannot pierce MM&A's corporate veil and find

CIVIL 07-1380 (JA)                              7

Morgalo personally liable for its debts.  As such, Morgalo will not be held joint and severally liable.

At San Juan, Puerto Rico, this 28th day of December, 2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge